Rose Colliott, Respondent, v. The American Manufacturing Company, Appellant.

### St. Louis Court of Appeals, May 4, 1897.

1. **Instruction.** An instruction which directed the attention of the jury to a cause of action not stated in the petition, nor supported by the evidence, was a diversion from the issues made by the pleadings, and the evidence, and reversible error.

2. **Master and Servant:** CONSTRUCTION OF STATUTES. It was not the purpose of the legislature, by section 3, page 160, of the session acts of 1891, to make the master an insurer of the safety of the servant, but to increase the degree of care required by the common law.

3. **Contributory Negligence:** INSTRUCTION. It was error to instruct the jury on contributory negligence, when there was no evidence in the case showing contributory negligence on the part of plaintiff.

*Appeal from the St. Louis City Circuit Court.*—Hon. Jacob Klein, Judge.

Reversed and remanded (*separate opinion by Biggs, J., on motion for rehearing*).

*Kehr & Tittman* for appellant.

The condition both of the guard and of the floor was perfectly obvious to the plaintiff, and, therefore, negligence can not be predicated on either. *Berning v. Medart,* 56 Mo. App. 443, 449; *Keegan v. Kavanaugh,* 62 Mo. 230; *Watson v. Coal Co.,* 52 Mo. App. 366; *Moore v. Wire Mill Co.,* 55 *Id.* 491; *Aldridge v. Furnace Co.,* 78 Mo. 559, 564; *Fugler v. Bothe,* 117 *Id.* 475, 501.

The employee assumes the ordinary and usual risks of the work which he undertakes. *Jackson v. R. R.,* 104 Mo. 448, 457; *Lucey v. Oil Co.,* 129 *Id.* 32, 39; *Nugent v. Milling Co.,* 131 *Id.* 241, 256.

The duty of the master is to use ordinary care and diligence to keep in repair the appliances which he furnishes the employee. He is not bound to provide the most approved equipments, nor the very best appliances, nor the latest or best machinery, nor such as are absolutely safe. He does not guarantee the safety of the machinery, nor is he, in any sense, an insurer of the employee against injury. *Berning v. Medart, supra; Krampe v. Brewing Ass'n*, 59 Mo. App. 277, 280; *Brown v. L. & L. Co.*, 65 *Id.* 162, 165; *Gutridge v. R. R.*, 105 Mo. 520, 525; *Blanton v. Dold,* 109 *Id.* 64, 74; *O'Mellia v. R. R.*, 115 *Id.* 205, 217; *Holloran v. I. & F. Co.*, 133 *Id.* 470, 479.

The court instructed upon a case neither presented by the petition nor supported by the evidence. *Brown v. L. & L. Co., supra.*

The court erred in the construction which it placed on section 3 of act of April 20, 1891. Session Acts 1891, pp. 159, 160.

The court's third instruction was erroneous. The plaintiff was nearly seventeen years of age when hurt, and was entirely familiar with the factory and the machine, and should be held to the exercise of ordinary care. *McIntosh v. R. R.*, 58 Mo. App. 281, 285.

As plaintiff's evidence furnishes no substantial ground of recovery, the judgment should be reversed without remanding the cause. *Berning v. Medart, supra.*

*Martin, Bass & Carr* for respondent.

Defendant having failed to guard its gearing, as required by statute, was guilty of negligence, for which it will be held liable. Session Acts, 1891, p. 160.

Plaintiff being only sixteen years old, at the time of the accident, the jury was properly instructed to

take such age into consideration on the question of contributory negligence. *Dowling v. Allen*, 74 Mo. 13, 88 *Id*. 293, 102 *Id*. 213; *Schultz v. Moon*, 33 Mo. App. 329; *Goins v. R. R.*, 37 *Id*. 233; *Ridenhour v. R. R.*, 102 *Id*. 270.

A party will not be heard to complain of instructions given similar to those asked by him. *Whitmore v. Supreme Lodge, etc.*, 100 Mo. 36; *McGonigle v. Daugherty*, 71 *Id*. 259; *Thorp v. R. R.*, 89 *Id*. 650; *Holmes v. Braidwood*, 82 *Id*. 610; *Reilly v. R. R.*, 94 *Id*. 600.

Parties are bound, on appeal, by the positions taken by them in the trial court. *Harper v. Morse*, 114 Mo. 317; *Tomlinson v. Ellison*, 104 *Id*. 105; *Tetherow v. R. R.*, 98 *Id*. 85; *Jennings v. R. R.*, 99 *Id*. 394.

No objection to the finding, on the ground that it does not conform to the pleadings, will be heard for the first time in the appellate court. *Bell v. McCoy*, 38 S. W. Rep. (Mo.) 329.

Defendant will be held liable where the injury to plaintiff was caused by the negligence of defendant conspiring with an accidental cause. *Musick v. Packing Co.*, 58 Mo. App. 322; *Bassett v. St. Joseph*, 53 Mo. 290; *Hull v. Kansas City*, 54 *Id*. 601; *Brennan v. St. Louis*, 92 *Id*. 486; *Brink v. R. R.*, 17 Mo. App. 178; *Yocum v. Trenton*, 20 *Id*. 496; *Buck v. R. R.*, 46 *Id*. 566.

Where the judgment upon the uncontroverted evidence is for the right party, it should not be reversed. *Fairbanks v. Long*, 91 Mo. 628.

BLAND, P. J.—Plaintiff filed in the circuit court of the city of St. Louis the following petition:

"Plaintiff for her cause of action states that on, to wit, the twenty-fourth day of November, 1894, plaintiff was in the employ of the defendant corpora-

tion at the factory or mills of said company, known as the Southern Mills, in the city of St. Louis; it being plaintiff's duty, by virtue of said employment, to tend and operate a certain machine at said factory known as a spinning machine, and used for spinning hemp for use in the manufacture of bagging.

"And plaintiff further says that it was the duty of the defendant company to keep its factory, and machine aforesaid, in a reasonably safe condition and to keep the cog-wheels and gearing of said machine properly guarded with sufficient guard-wires or rods, so as to prevent injury to the plaintiff by said gearing if left exposed and allowed to come in contact with plaintiff.

"Plaintiff further says that prior to said date said machine had been provided with certain vertical guard-wires or rods placed about an inch apart in front of the otherwise exposed gearing of said machine for the said purpose of preventing injury as aforesaid; but that the defendant company negligently and without due or proper care for the safety of this plaintiff allowed said guard-wires or safety appliance of said spinning machine operated by plaintiff to become and remain out of repair and in an unsafe condition, in this, that said wires or rods became and remained bent apart or from one another, so as to leave room for the hand of any ordinary person to pass through and come in contact with the dangerous gearing and cog-wheels of said machine.

"And plaintiff further states that defendant negligently permitted the floor of said mills to become dangerous and unsafe for any person to walk over, and that the defendant allowed quantities of machine oil from different machines in said mills to fall upon said floor and to be scattered over and rubbed into said floor in the neighborhood of plaintiff's said machine

and throughout said factory, so that the said floor could not be walked over without danger of falling.

"Plaintiff further states that on said twenty-fourth day of November, 1894, while plaintiff was in the active discharge of the ordinary duties of her said employment, and while plaintiff was in the exercise of ordinary care and prudence on her part, plaintiff slipped and fell by reason of the slippery condition of said floor, whereby plaintiff's right hand and forearm were thrown through the opening aforesaid in said guard-wires or safety appliance and into the cog-wheels and gearing of said machine, whereby plaintiff's said hand and arm were greatly torn, bruised and mangled, and that her said hand and arm were broken in several places, whereby it became necessary to have a number of pieces and fragments of bone taken out of said hand and arm.

"Plaintiff says that by reason of her said injuries she has been, for a long time, confined to her room and bed, and has suffered great bodily pain and mental anguish; and by reason of the character of her said injuries, she has been deprived of the entire use of her said hand and arm, and has been permanently disabled from earning a living for herself.

"Wherefore plaintiff says that she has been damaged in the premises by reason of the negligence of the defendant company in the sum of $10,000, for which sum she prays for judgment against defendant."

To this the defendant filed as answer a general denial and a plea of contributory negligence. To the plea of contributory negligence plaintiff filed a reply. A trial was had, resulting in a verdict and judgment for plaintiff, from which the defendant duly appealed to this court.

The appellant at the time of the alleged injury was operating a mill in the city of St. Louis for the manu-

facture of jute bagging, for which purpose it operated spinning frames from eighteen to twenty-one feet long and near four feet wide.   There were about forty-two of these frames in the mill placed end to end, and about two feet apart.   Each frame was operated by two girls, one in front called the spinner, and one at the back called the minder.   The jute fibre was contained in oil tin cans, and from these it was the duty of the minder to throw the ends of the jute upon the frame.   It sometimes became necessary for the spinner to go behind the frames for the purpose of helping the minder, and it was the custom in the mill to do so whenever necessary.   The frames were propelled by means of cog-wheels at one end of the machine.   These wheels were guarded by vertical iron rods three eighths of an inch thick, placed about one inch apart and were rivetted to horizontal bars, above and below.   The floor of the mill became greasy and slick from oil dripping from the machinery, and from the waste jute, and had been in this condition for years.   Some of the guards at the end of frame number 2, at which respondent was working on November 24, 1894, had become bent and left a space of about three inches between them.   On that day she undertook to pass around the end of her machine for the purpose of helping the minder in the rear of the machine to throw the jute ends on the frame;—as she was passing the end of the machine she slipped and fell, and in falling thrust her hand and arm through the opening in the guard made by the bent rods, and her hand was caught in the cog-wheels, and lacerated, bones were broken and the hand permanently injured.   She was sixteen years old at the time of the injury, had been working in the mill for some time, knew of the condition of the floor, but denies that she knew that the rods of the guard where she was injured were bent and out of order.   Other witnesses

testified that they had been bent for some time. The foreman in the spinning room testified that he was in the room from 7 A. M. to 7 P. M. every day, went through the room constantly, but did not observe the bent rods at the end of spinning frame number 2; that the floor was oily and greasy, and that its condition was obvious to anyone coming into the room; that the girls in passing around the end of a machine would take hold of the rods and swing around on them, and in this way bend them; that in passing around the room he would frequently straighten the rods, but the next party that came along might bend them again. Plaintiff's witnesses also testified that the rods were bent by the girls taking hold of them and swinging around the end of the machines. The guards used in the mill were such as were provided by the manufacturers of the machines and came with them. The guards were ten inches removed from the cog-wheels. At the trial appellant's witnesses testified that in addition to the guard-rods, a sheet iron fender was also used. The respondent and her witnesses all deny that the sheet iron fender was in use at or before the time respondent was hurt, but was put in afterwards.

The second clause of instruction number 4 given for plaintiff reads as follows: "But if you find from the evidence that the said cog-wheels were so placed as to be dangerous, if left unguarded, to the persons employed in and about the factory, or on said spinning machine, while engaged in their ordinary duties, then it was the defendant's duty to safely and securely guard the same, if possible." The other instructions on the issue of defendant's negligence were of the same purport.

The negligence complained of in the petition, was not that appellant had failed to place guards around

INSTRUCTION.    the cog-wheel gearing of the spinning frames, or that the guards placed there by it were not safe and secure, but that the defendant company negligently allowed its guard-wires or safety appliances of the spinner operated by plaintiff to become and remain out of repair and in an unsafe condition, by the wires becoming. bent apart. The negligence in the petition and the negligence to which the jury's attention was called are not the same. The instructions directed the attention of the jury to a cause of action not stated in the petition, nor provided by the evidence. No complaint whatever was made as to the sufficiency of the guards as originally constructed, yet this is the very question submitted to the jury, their safety and security. This was a diversion from the issues made by the pleadings and the evidence and is reversible error. *Iron Mountain Bank v. Murdock*, 67 Mo. 70; *Melvin v. Railroad*, 89 Mo. 106; *Ely v. Railroad*, 78 Mo. 504; *Stone v. Richmond*, 21 Mo. App. 318; *Brown v. Railroad*, 101 Mo. 484; *Kansas City Sub. Railway v. Railroad*, 118 Mo. 599; *Jacquin v. Grand Ave. Cable Co.*, 57 Mo. App. 320.

We are asked to construe section 3 on page 160, Session Acts of 1891, which reads as follows: "The belting, shafting, gearing, and drums, in all manufacturing, mechanical, and other establishments in this state, when so placed as to be dangerous to persons employed therein or thereabout while engaged in their ordinary duties, shall be safely and securely guarded when possible; if not possible, then notice of its danger shall be conspicuously posted in such establishments." The evident purpose of the legislature by the enactment of this section, was to require the belting, gearing, and drums, in all manufacturing and other establishments, when danger-

MASTER and servant: construction of statutes.

ous to the employees, to be safely and securely guarded, wherever they are so situated as to admit of guards being placed about them, without interfering with their free operation, or with necessary access to them, or necessary passage-way by or around them. The guards required are safe and secure ones, such guards as will protect the employee from contact with the machinery by the use of ordinary prudence and caution on his part. We do not think the purpose of the legislature was to make the master an insurer of the safety of the servant, but it was its evident purpose to increase the degree of care required by the common law. The guards he is required to provide are such as will protect the employee, using ordinary care, against all dangers that can be foreseen by ordinary human foresight, but the master is not required to guard against the negligence of the employee, nor against such dangers or accidents as no human knowledge or experience could anticipate. The failure of the master to so guard the gearing, etc., of his machinery would be a violation of a statutory duty and be negligence *per se*. *Brannock v. Elmore*, 114 Mo. 55; *Dahlstrom v. Railroad*, 108 Mo. 525; *Hanlon v. Railroad*, 104 Mo. 381; *Murray v. Railroad*, 101 Mo. 236: *McNown v. Railroad*, 55 Mo. App. 585.

We do not think an instruction on contributory negligence should be given, under the evidence in this case, as was done on the trial. Nowhere does the record show that the respondent was guilty of any contributory negligence. When she fell and was hurt, she was in the performance of one of her regular duties. According to the undisputed evidence the minders at the rear of the machine frequently had to have help; that it was customary for the spinners to pass to the rear and render the necessary help; that unless this was done the spinners

CONTRIBUTORY
negligence:
instruction.

State ex rel. v. Edmundson.

would have to be stopped.   This was a custom known to the appellant, and necessary to keep its spinners in continuous operation, and the appellant should not be heard to charge it to be negligence for one of its employees to comply with this custom, if not established, at least sanctioned by it.

For error in the giving of instructions the judgment must be reversed and the cause remanded.   It is so ordered.   All concur.

SEPARATE OPINION ON MOTION FOR REHEARING.

BIGGS, J.—A re-examination of the record in this case has convinced me that our opinion is wrong.   It would serve no good purpose for me to give the reasons for my conclusion, as the question involved is not one of importance on a retrial.