ROBERT B. STAFFORD, Respondent, v. CHARLES
E. ADAMS, Appellant.

Kansas City Court of Appeals, June 26, 1905.

1. **APPELLATE PRACTICE: Evidence: Physical Facts: Court
and Jury.** *Appellate courts cannot weigh evidence, yet they
do not renounce the right to reject entirely testimony repug-
nant to physical law and facts, since it can have no probative
force; the court determines what constitutes substantial evi-
dence and the jury settles the conflicts therein.*

2. **NEGLIGENCE: Evidence: Physical Facts.** Evidence reviewed
and held·not to be impossible as in conflict with physical con-
ditions.

3. **TRIAL PRACTICE: Pleading: Variance: Affidavit.** As to facts
not elemetal to the action a variance between the allegations
and the proof is immaterial, and to take advantage thereof, the
statutory affidavit of surprise must be filed; but where the
facts are constitutive of the cause of action no such affidavit
is required, since there is an entire failure of proof.

4. **MASTER AND SERVANT: Unguarded Machinery: Assump-
tion of Risk.** Where a master fails in ordinary care with re-
spect to machinery, such as ignoring the requirements of the
statute, the fact that the dangers resulting from his derelic-
tion are obvious will not excuse him from liability on the
ground of assumed risk.

5. ——: ——: **Contributory Negligence: Jury.** The issue of
contributory negligence is for the jury unless the danger is so
apparent and certain that an ordinarily prudent person would
not encounter it, and on the facts in the record the question
was properly sent to the jury.

6. **PERSONAL INJURY: Damages: Earnings: Pleading: Remit-
titur.** In order to recover loss of earnings they must be spec-
ially pleaded and proved; and a remittitur is ordered because
of failure to plead such damages.

Appeal from Jackson Circuit Court.—*Hon. James Gib-
son,* Judge.

AFFIRMED, *si.*

*Boyle & Guthrie* and *A. F. Smith* for appellant.

(1) Under the undisputed physical facts in evidence, the injury could not have occurred as claimed by the plaintiff. (2) The plaintiff was guilty of contributory negligence as a matter of law. Glascock v. Dry Goods Co., 80 S. W. 365; Beckman v. Brew. Assn., 98 Mo. App. 561; Wheat v. St. Louis, 179 Mo. 578, 580; Scott v. Railroad, 90 Minn. 135, 95 N. W. 892; Roberts v. Missouri, etc., Co., 166 Mo. 383, 384; George v. Railroad, 109 Ala. 245, 19 So. 784; Moore v. Railroad, 146 Mo. 581. (3) The injury occurred as a result of patent and obvious conditions, the risk of which the plaintiff voluntarily assumed. Harff v. Green, 168 Mo. 314; Hurst v. Railroad, 163 Mo. 319; Beymer v. Packing Co., 80 S. W. 685; Culbertson v. Railroad, 140 Mo. 61; Weller v. Railroad, 120 Mo. 653; Shareman v. Transit Co., 103 Mo. App. 529. (4) Erroneous instructions were given at the instance of the plaintiff. Robinson v. St. Joseph, 97 Mo. App. 510; Hinzeman v. Railroad, 182 Mo. 624; Fisher v. Lead Co., 156 Mo. 495, 496.

*L. A. Laughlin* and *C. Y. O. Pugh* for respondent.

(1) Defendant claims that under the undisputed physical facts in evidence the injury could not have occurred as claimed by plaintiff. The entire argument of defendant on this point is based on a misconception of the undisputed facts. (2) Defendant next claims that the plaintiff was guilty of negligence as a matter of law. In order to bolster up this point defendant again makes the erroneous statement that the waste pieces from the saw fell off the table on the south side. The undisputed evidence is that the pieces fell off the table on the north side of the saw table, on the side where the saw was. (3) The issue of the contributory negligence of the plaintiff in working at the machine without the pulleys being guarded was properly submitted to the jury and their verdict is conclusively on that point.

Adolph v. Baking Co., 100 Mo. App. 199, 211; Weldon v. Railroad, 93 Mo. App. 668, 675; Herbert v. Mound City B. & S. Co., 90 Mo. App. 305, 313 (4) The claim that plaintiff assumed the risk by continuing to work is fully and completely answered by an extract from the opinion of the Supreme Court in Curtis v. McNair, 173 Mo. 270, 280.

JOHNSON, J.—Plaintiff, injured while in the service of defendant, charged that the negligence of the latter was the direct cause of his injury. In addition to a general denial, defendant in his answer pleaded assumption of risk and contributory negligence. At the conclusion of the evidence defendant unsuccessfully requested the court to direct a verdict for him. Plaintiff recovered judgment in the sum of $1,074. Defendant assigns as error the refusal of the court to sustain his demurrer to the evidence. One of the claims advanced is that plaintiff failed to show that the negligent act complained of caused the injury. No evidence was offered by defendant and the relevant facts disclosed in that introduced by plaintiff are these:

Defendant at the time of the occurrence in question (October 23, 1903) owned and operated a factory in Kansas City for the manufacture of certain articles of furniture. Installed therein, and in use, was a certain sawing machine called a "ripsaw" operated by steam power. The component parts of the machine were mounted upon a metal table three feet high, in the top of which a circular saw sixteen inches in diameter was vertically set to freely permit its revolution. The table top, horizontal in position, was three feet long, two wide and about one inch thick, and projected in all directions over its supporting die which extended upward from one end of the base. The other end of the base carried a revolving shaft upon which was set three wheels, two of which were used to communicate the power to the saw shaft, the other to carry the belt coming from the engine

room when it was desired to have the machine at rest. The latter wheel was called the "loose wheel" because it turned upon the center shaft and did not transmit power thereto. This function was performed by one of its companions called the "fixed wheel." The third wheel also was fixed to the center shaft and carried a belt running to the saw shaft, causing it and the attached saw to revolve. The saw was set on one side of the die and about six inches thereof extended above and ten inches below the plane of the table top. The machine could not have been operated had the part of the saw above the table been inclosed, for it was there the sawing was done. The saw below the table platform could have been inclosed without affecting its usefulness, but defendant says this was unnecessary because of its isolation by the projection of the sides and ends of the platform. The wheels and belts described could have been guarded as required by the statute—section 5433, Revised Statute 1899—but were not; and the right to recover is founded upon the negligence involved in defendant's omission to perform his duty in this respect. Plaintiff was injured late in the afternoon. During the day he assisted in the work of sawing certain boards to a required dimension. Another workman did the feeding, plaintiff the off bearing—that is, he received the boards from the saw and piled them nearby. The waste strips of wood were permitted to fall from the end of the table to the floor in close proximity to the wheels. It was plaintiff's duty to clear away the debris, but it was the rule of the shop to do this cleaning at the close of the day's work. While the work was in progress plaintiff's time was fully occupied in his other duties, and the only attention he could give to the pile of waste formed was to throw aside sticks that threatened to fall therefrom into the revolving wheels. Plaintiff standing near this pile of waste heard the noise of a stick being broken in one of the wheels. Looking, he saw what he took to be a part of the same stick on the point of falling into a wheel and at-

tempted to seize it for the purpose of throwing it out of the way. While he was in this act the stick moved into the wheel, violently struck his extended hand and forced it under the table top into contact with the teeth of the saw. All the fingers were severed and the thumb wounded.

If any credit is to be given the testimony, defendant's negligence must be conceded in the consideration of the ruling upon the peremptory instruction. It was negligence *per se* for defendant to fail to guard the pulleys and belts. [R. S. 6433; Colliott v. Mfg. Co., 71 Mo. App. 163; Lore v. Mfg. Co., 160 Mo. 608; Blair v. Heibel, 103 Mo. App. 621.] The stick could not have fallen into the wheel had this duty been performed; from which it follows that the unguarded condition of the machine was the immediate cause of the injury.

But defendant says that plaintiff's account of the manner of his injury is at variance with the physical conditions disclosed. While appellate courts uniformly refuse to weigh evidence, they do not renounce the right to reject entirely the testimony of witnesses found to be repugnant to physical law and facts. Testimony, to be entitled to any weight, must be within the bounds of reason; failing in this, it cannot be denominated evidence and should be cast out as devoid of probative force. But when the testimony of witnesses can reasonably be reconciled to the physical facts we will not reject it, nor weigh it; notwithstanding we may believe the weight of the physical evidence opposes that given by witnesses. It is the duty of courts to determine what constitutes substantial evidence, and the business of the triers of fact to settle conflicts therein.

Turning to the facts of this case, we see no reason for declaring the occurrence as detailed by plaintiff an impossibility. Considering that plaintiff was standing on the side of the table which carried the exposed saw and on a line with the wheels and the pile of waste, and

113 app—46

that the stick declined from this pile towards the wheels which were rapidly revolving, their rotary motion being towards the saw, it is not hard to believe plaintiff's assertion that the stick moved into the wheel, caught its motion and struck his extended arm. It may be conceded, as suggested by defendant, that a stick long enough to have reached from the wheel to the saw would have been arrested by the table end, and one short enough to clear the table could not reach the saw; but his conclusion that plaintiff's hand could not have been forced into the saw by the blow does not follow inevitably.

Approximately, the bottom of the saw was two and one-half feet from the nearest wheel; the end of the table one and one-half feet therefrom. Omitting from consideration any involuntary movement of plaintiff's body towards the saw as a result of the sharp blow received —a very likely occurrence—in the position he occupied his hand was required to move a distance of but a foot —or, at most, eighteen inches—to reach the saw. No law of physics need be disregarded in accepting plaintiff's testimony.

Further, defendant argues that plaintiff's account of the injury fails to coincide with specific facts alleged in the petition. Plaintiff was the only witness to the injury, and owing to the rapidity of the occurrence his opportunity was too restricted to permit of accurate observation. Consequently, his statement of the details of the situation existing when he reached for the stick is admittedly somewhat vague; but the salient facts appear and are consistent with those alleged. As to facts not elemental to the cause of action, a variance between allegation and proof is immaterial. As stated in the case of Waldhier v. Railroad, 71 Mo. 518, "there is a wide margin of difference between a case where there exists a lack of correspondence between the allegation of the cause of action and the proof in some particular or particulars only and one where the allegation is unproved

in its entire scope and meaning. In the former case the failure of the party complaining of any discrepancy between allegation and proof to file his statutory affidavit is fatal to his case, so far as concerns any such discrepancy. In the latter case the failure to file such an affidavit can have no such effect, for the simple reason that no such affidavit is required by the statute when there is an entire failure of proof." The substantive facts pleaded and those proven are the same, and it does not appear—nor is it claimed—that defendant was or could have been misled. The error, if any, was harmless.

Also, it is urged that as the unguarded condition of the machine and the likelihood that waste material from the sawing would fall into its unprotected gearing and belts and be converted into missiles or instruments of danger were obvious and known to plaintiff he impliedly assumed the risk of injury therefrom. Plaintiff had been working at this machine for some time and admitted that sticks frequently caught in the wheels. He must have known that danger confronted him when his position placed him within their range of action. His admitted knowledge of the dangers incident to his master's negligence in failing to guard the machine presents the question of assumption of risk as one of law to be determined by the court. In the case of Shore v. Bridge Co., 111 Mo. App. 278, 86 S. W. 905, after reviewing pertinent cases in this State, we said: ". . . in recent decisions noted the prevailing opinion inclines to the view that the existence of the master's negligence excludes the implication of an assumption of risk on the part of the servant. The scope of the rule which affords immunity to the master while conducting his business in his own way is confined within the limits of reasonable care." This principle has been so plainly stated in so many recent decisions of the Supreme Court that it must be considered as firmly settled in this State, whatever may be the views entertained in other jurisdictions. [Huhn v. Railroad, 92 Mo. 440; Soeder v. Railroad, 100

Mo. 673; O'Mellia v. Railroad, 115 Mo. 221; Francis v. Railroad, 127 Mo. 669; Bradley v. Railroad, 138 Mo. 302; Doyle v. Trust Co., 140 Mo. 1; Hamman v. Coal Co., 156 Mo. 232; Pauck v. Beef Co., 159 Mo. 467; Grattis v. Railroad, 153 Mo. 380; Connolly v. Printing Co., 166 Mo. 463; Minnier v. Railroad, 167 Mo. 112; Holmes v. Brandenbaugh, 172 Mo. 66; Haviland v. Railroad, 172 Mo. 112; Curtis v. McNair, 173 Mo. 279; Parks v. Railroad, 178 Mo. 108.]

We do not understand that in the recent case of Mathias v. Stock Yards Co., reported in 84 S. W. 66, 185 Mo. 434, the Supreme Court intended to depart from the rule followed in the long line of cases above cited. An analysis of that case is convincing that the conclusion reached was based upon the hypothesis that the appliance furnished by the master which was the subject of complaint though not the best for the purpose of its use was reasonably safe. In other words, the master was held blameless and the risk, treated as one incidental to operations conducted by the master in a proper manner, being obvious to the servant was for that reason held to have been assumed by him as a part of the contract of employment. The court, in defining the duty of the master to provide the servant suitable tools and appliances with which to work, said: "In cases like the present it seems that the risk of injury being but small, the use of very primitive and inefficient implements is allowable and such use will fill the measure of ordinary care. The master is not the warrantor of the tools furnished his servants *having exercised ordinary care* in the selection of the implements, his liability, so far as mere selection is concerned, ceases."

But when the master has failed to exercise ordinary care with respect to tools and machinery provided for the servant's use; when, as in this case, he has ignored the requirements of the statute, the fact that the dangers resulting from his dereliction are obvious will not excuse him from liability on the ground of assumed risk. The

salutary purpose which prompted the legislative enactment for the protection of people working with and around dangerous machinery should not be defeated by the agreement of the servant, express or implied, to waive the compliance by the master with its requirements.

With the defendant's negligence found, the only defense available was that of contributory negligence. That issue was submitted to the jury and decided in favor of plaintiff, but we are asked to hold that the negligence of plaintiff in working with the machine in its unsafe condition was of a degree to make it a question of law for the court. The issue of contributory negligence is one of fact to be decided by the jury except when it appears that the danger of injury is so apparent and certain that no person of ordinary prudence would encounter it. We are unable to say that plaintiff was not justified in believing that he could by the exercise of care avoid danger by keeping the sticks from moving into the wheels. Evidently, defendant thought so. Plaintiff had worked there without injury for a number of days. He was in the performance of duties assigned him by defendant when injured and which were made necessary by defendant's negligence. Under such facts his conduct in continuing the work should not be characterized by us as essentially negligent. The issue was one for the jury to pass upon. The request for a peremptory instruction was properly refused.

Plaintiff's second instruction criticised by defendant is identical with one approved by the Supreme Court in the case of Lore v. American Mfg. Co., 160 Mo. 616, and for that reason will not be discussed.

An examination of the record discloses that the case was fairly tried and submitted, except in one particular. Loss of earnings from the date of injury to the time of bringing suit was made an element of damage in the instructions given. It is the rule that such damages must be specially pleaded and proven. [Wilbur v. Railroad,

85 S. W. Rep. 671; 110 Mo. App. 689; Mellor v. Railroad, 105 Mo. 462; Slaughter v. Railroad, 116 Mo. 274; Britton v. St. Louis, 120 Mo. 437; Gurley v. Railroad, 122 Mo. 151.] The petition contains no averment of loss of earnings during the period mentioned and recovery for them should not have been permitted.

Plaintiff testified that he had lost all of his time from the date of injury and that the value thereof was ten dollars per week. As his evidence is uncontradicted it is to be presumed that the jury estimated his lost earnings at that rate. The injury occurred on the twenty-third day of October, 1903, and the petition was filed November 20, 1903, just four weeks thereafter. It thus being possible to ascertain the maximum allowance the jury could have made under the evidence for these damages, a new trial of the cause will not be ordered if a remittitur is entered. Upon condition that within ten days from the filing of this opinion plaintiff remits forty dollars the judgment is affirmed; otherwise, it is reversed and the cause remanded. All concur.