## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

·AT THE

## OCTOBER TERM, 1906.

*(Continued from Volume 121)*

## WILLIAM R. MILLSAP, Respondent, v. SAMUEL BEGGS, Appellant.

Kansas City Court of Appeals, November 5, 1906.

1. FACTORIES: Guarding Belting: Shafting: Statutory Construction. Section 6433, Revised Statutes 1899, covers a machine consisting of a horizontal rapidly revolving metal shaft with steel knives protruding up through a slot in an iron table, said shaft revolving at the rate of four thousand revolutions per minute and run by steam transmitted by belting and used in planing and shaving timbers.

2. ————: ————: Notice: Negligence: Evidence: Statutory Construction. A plaintiff suing for damages from an unprotected and rapidly revolving shaft when he undertakes to prove that it was possible to guard it undertakes an unnecessary burden since the evident meaning of the statute is that if the machinery may be guarded and is not it is negligence even though a notice is posted; and if it is operated and is not guarded because it cannot be, it is still negligence unless a notice is posted.

3. ————: ————: Assumption of Risk: Negligence: Evidence: Statutory Construction. Whether when a case is made showing the master's culpability under the statute he can be al-

lowed recourse to the doctrine of the employee's assumption of obvious risk as distinguished from ordinary risk, *quaere?* and is not decided since the matter was submitted to the jury and the master had the benefit thereof.

4. ———: ———: Contributory Negligence: Evidence. Though the master is guilty of negligence under the statute he may successfully defend himself by showing the employee's contributory negligence where the danger was so patent and obvious that a man of common prudence would not have assumed it, but he is not so guilty of contributory negligence if a prudent man would have acted as he did under the circumstances, and on the evidence the servant's negligence cannot be declared as a matter of law sufficient to defeat his action.

5. ———: Safe Machine: Statute: Common Law. Under the statute requiring the guarding or posting of a machine the fact that the machine is a reasonably safe one constitutes no defense since the common law security and safety of machinery is annulled by the statute.

6. ———: Guarding Belting: Instructions: Statutory Construction. Certain instructions are referred to and classed as being too favorable to the master since it was admitted that the machine was neither guarded nor posted as provided by the statute.

7. ———: ———: ———: ———. An instruction permitting the master to substitute other forms of notice than that required by the statute thereby absolving the master from obeying the statute if the servant could have observed the danger otherwise, is improper since it sets aside the statute which requires continuous reminder of the danger.

8. ———: ———: Negligence: Master's Estoppel. Where the master by his negligence influences the conduct of the servant, he is estopped in a certain sense from making a defense of the servant's negligent conduct, that is to say, he cannot induce the servant's carelessness and then plead it as a defense.

Appeal from Carroll Circuit Court.—*Hon. John P. Butler*, Judge.

AFFIRMED.

*Lozier, Morris & Atwood* for appellant.

(1) The evidence failed to show any negligence on the part of defendant. (2) The mere failure of de-

fendant to equip the jointer with a guard, or to post
notices of the dangerous character of the machinery in
his factory, did not establish negligence *per se,* or show
that it was the proximate cause of plaintiff's injury.
Smith v. Box Co., 92 S. W. 394; McGuerty v. Hale
(Mass.), 36 N. E. 682; Carr v. Williston (Minn.), 46
N. W. 353. (3) The failure to instruct the servant as
to the dangers of a machine which are apparent and
obvious, does not constitute negligence. Smith v. Box
Co., 92 S. W. 394; Kleine v. Clothing Co., 91 Mo. App.
102; Richardson v. Mesker, 171 Mo. 666; Nugent v.
Milling Co., 131 Mo. 241; Herbert v. Boot & Shoe Co.,
90 Mo. App. 305; Jones v. Roberts, 57 Ill. App. 56; Doo-
little v. Pfaff, 92 Ill. App. 301; Groth v. Thomann, 86
N. W. 178. (4) The plaintiff was guilty of negligence
precluding his right to recover. This appeared from
plaintiff's own evidence and that of his witnesses. The
court should therefore, have sustained defendant's de-
murrer at the close of plaintiff's case. Smith v. Box
Co., 92 S. W. 394; George v. Mfg. Co., 159 Mo. 333;
Doer v. Brewing Assn., 176 Mo. 547; Richardson v.
Mesker, 171 Mo. 667; Meily v. Railroad, 107 Mo. App.
466; Roberts v. Tel. Co., 166 Mo. 378. (5) The plain-
tiff having voluntarily attempted to joint the thin, nar-
row strip or stick of timber by permitting his right
hand and fingers to rest and remain on that portion
of such thin, narrow strip of timber that was passing
over the rapidly revolving knives, instead of removing
his hand as it approached the knives to a place of safety,
beyond the rapidly revolving knives, is bound by the
consequences resulting from his choice of the more dan-
gerous of the two courses of procedure which were open
to him. Smith v. Box Co., 92 S. W. 394; Moore v.
Railroad, 146 Mo. 572; Palmer v. Kinlock & Co., 91 Mo.
App. 106. (6) The court erred in refusing to tell
the jury that the certain facts presented in defendant's
refused instructions, would, if found true, constitute

negligence on the part of plaintiff. Luckel v. Building Co., 177 Mo. 609. (7) Plaintiff was not injured in the performance of any duty required of him by defendant. He voluntarily quit the work assigned him, and without the acquiescence or knowledge of defendant voluntarily undertook a work obviously more hazardous, thereby, for the time, destroying the relation of master and servant, and putting himself beyond the master's implied undertaking.

*Russell Kneisley, Virgil Conkling* and *Hugh K. Rea* for respondent. ·

(1) The petition, the proof, the instructions and the recovery in this case, were all under the Missouri factory statute. R. S. 1899, sec. 6433; Act of April 20, 1891, Laws 1891, p. 159. (2) This statute requires the master to exercise a higher degree of care than at common law. Colliott v. Mfg. Co., 71 Mo. App. 163; Bair v. Heibel, 103 Mo. App. 64; Lore v. American Mfg. Co., 160 Mo. 608. (3) The failure of the master to comply with the requirements of the statute was negligence *per se.* McNown v. Railroad, 55 Mo. App. 590; Colliott v. Am. Mfg. Co., 71 Mo. App. 171; Bair v. Heibel, 103 Mo. App. 634; Stafford v. Adams, 113 Mo. App. 721; Lore v. American Mfg. Co., 160 Mo. 622; Henderson v. Kansas City, 177 Mo. 493. (4) Plaintiff did not assume the risk arising either from his own inexperience or the master's failure to observe the statute. Bair v. Heibel, 103 Mo. App. 622; Stafford v. Adams, 113 Mo. App. 717; Lore v. American Mfg. Co., 160 Mo. 608; Henderson v. Kansas City, 177 Mo. 477. . (5) The issue of contributory negligence was properly submitted to the jury. Weldon v. Railroad, 93 Mo. App. 668; Adolff v. Baking Co., 100 Mo. App. 199; Bair v. Heibel, 103 Mo. App. 621; Dean v. Woodenware Works, 106 Mo. App. 167; Stafford v. Adams, 113 Mo. App. 717; Settle v. Railroad, 127 Mo. 336; Pauck v. Pro-

vision Co., 159 Mo. 467.   (6)   No exception was saved to the refusal of the peremptory instruction requested by the defendant.   Hence, that question is not subject to review.   Ritzinger v. Hart, 43 Mo. App. 185; State v. Craig, 79 Mo. App. 418; Barnes v. Lead Co., 107 Mo. App. 608.

ELLISON, J.—The defendant was the owner and operator of a wagon factory and plaintiff was his employee.   In operating the factory defendant maintained therein certain shafting and machinery constituting a planer or jointer, which plaintiff charges was dangerous to persons employed in and about the plant.   Plaintiff alleges that while engaged in performing services for defendant as his employee, his hand came in contact with the blades of the planer and was badly injured. He recovered judgment in the trial court for such injury.

The action is based upon the following statute (section 6433, Revised Statutes 1899) :   "The belting, shafting, gearing and drums, in all manufacturing, mechanical and other establishments in this State, when so placed as to be dangerous to persons employed therein or thereabout while engaged in their ordinary duties, shall be safely and securely guarded when possible; if not possible, then notice of its danger shall be conspicuously posted in such establishments."

As the defendant disputes that the machinery which inflicted the injury is of the kind named in the statute, we will first determine that point, since in settling that, there follows, in reality, a determination of much of the contention between the parties.   For if it is once found that the evidence places the case under the provisions of the statute, its disposition is much simplified.   The machine is thus described in plaintiff's petition, viz: a machine "consisting of a horizontal and rapidly revolving metal shaft with steel knives fastened thereon and protruding upward through a slot or opening in an iron

table, the said shaft and knives revolving at the rate of four thousand revolutions per minute. The machine being run by steam power transmitted by belting and used in the rapid planing and shaving of timbers." The evidence corresponded to such description, but further showed in detail that the shaft was about twenty inches long and three inches in diameter and the knives fastened therein were fourteen inches in length and the machine was used by pushing with the hand the timber to be planed over the iron table through which the knives protruded and thus coming in contact with the knives the timber would be planed or jointed as desired.

We conclude that this horizontal instrument with the knives fastened therein was a "shafting" in the sense and meaning of the statute. We think it wholly unlike the machine described in Smith v. Forrester Box Co., 193 Mo. 715, and that that case is not applicable.

It is conceded that there were no guards about the machine and as the statute directs that there shall be "when possible," the plaintiff undertook to show, and introduced evidence at the trial tending to show, that it was practicable to reasonably safely guard the machine. But the statute aforesaid demands of the employer that in the event of a safeguard being "not possible" that "then notice of the danger shall be conspicuously posted." In view of this provision, it was an unnecessary burden assumed by the plaintiff in proving negligence by showing that this machine might have been guarded; for if it is the instrumentality or machine contemplated by the statute, and, from its nature, cannot be guarded, then the duty arises to post the notice and a failure to post is negligence *per se*. The evident meaning of the statute is that if the machinery may be guarded and is not, it is negligence, even though a notice is posted; and if it is operated and is not guarded because it cannot be, it is still negligence unless a notice is posted. The Supreme Court of this State in an

opinion by Judge GANTT, and each of the Courts of Appeals since, decided that a failure to comply with the statute was negligence *per se*. [Lore v. American Mfg. Co., 160 Mo. 608; Colliot v. Mfg. Co., 71 Mo. App. 171; Stafford v. Adams, 113 Mo. App. 724; Bair v. Heibel, 103 Mo. App. 632.]

Whether, when a case is made out showing defendant's culpability under the statute, he can be allowed recourse to the doctrine of the employee's assumption of obvious risk as distinguished from ordinary risk (Knisley v. Pratt, 148 N. Y. 372; O'Maley v. Gas Co., 158 Mass. 135; Anderson v. Lumber Co., 67 Minn. 79) need not be considered. For, whether under certain conditions of knowledge, plaintiff assumed the risk of injury was submitted to the jury as a question of fact in an instruction offered by defendant. And we do not think the evidence will justify us in saying that such assumption of risk was so clearly established as to justify a peremptory instruction in defendant's behalf. So that in this case if such defense is allowable (a point we do not decide) defendant had the benefit of it.

But not withstanding the master's guilt by noncompliance with the statute, he may yet successfully defend himself by showing that the employee was himself negligent in such way as to have contributed to his own injury. For though no guards are placed when they might have been, and though (if they could not have been) no notice was posted, yet the employee cannot knowingly thrust himself against the dangerous machinery. There was such an issue in this case and it was recognized by the trial court in giving instructions for each party on that head. The verdict of the jury in plaintiff's favor has abundant evidence in this respect in its support. If the danger in working as plaintiff was when injured was not so patent and obvious that a man of common prudence would not have been engaged as was the plaintiff, he should not be held guilty of con-

tributory negligence. [Pauck v. Beef & Provision Co., 159 Mo. 467, 478; Settle v. Railroad, 127 Mo. 336.] The evidence which will apply to this branch of the case is interwoven throughout the record and we have given it that thorough consideration which the earnestness of defendant's counsel in pressing the point demands. It is not practicable to state the evidence in detail, but in a general way it may be said that that part of it in plaintiff's behalf (which, since the verdict, must be accepted as true) shows that he was not a skilled mechanic, that he had only been engaged in and about the factory for a few months and about this machine for only a few weeks and that his usual duty in working with the machine was in planing "axle-trees" for wagons; but that at the particular time when he was hurt he was engaged, at the request of a fellow workman who brought it to him, in planing a small piece of timber used in and about the construction of wagons, and not nearly so wide as the knives. In performing this work, he placed the timber upon the iron table and with his hand near, but not on, the end, he pushed it forward until the other end came in contact with the revolving knives, he continued to push it forward with his hand resting on the timber, until the timber got so far along as to bring his hand over the knives, the jarring effect of the work jostled his hand off the side of the timber and onto the knives, causing the injury. As already intimated, the record abounds in evidence that may be said to refer, by inference or otherwise, in greater or less degree, to the question whether the danger, in all the circumstances shown, was of such open, certain and apparent character as to cause any prudent person to refuse to do the work. The effort of defendant's counsel has been to lead us to say that it was and that it should have been so declared as a matter of law. We cannot go so far as that. We can do no more than to say that it presented a case for the judgment of the jury.

Defendant insists that though plaintiff cannot be charged with contributory negligence, yet he has not a cause of action, on the ground that in doing the work at which the injury resulted he was not engaged in the line of his employment but was a volunteer. It is conceded by plaintiff's counsel that plaintiff was not engaged in the regular work to which he had been assigned, viz., the planing of axle-trees, and that he undertook to plane the narrow stick of timber at the request of one of his fellow workmen. That a master is not liable for an injury to a servant when he, without the master's consent, goes outside his assigned duty and becomes a volunteer in some other work, is abundantly established by the authorities cited in defendant's brief. This court so decided in Duvall v. Armour Packing Co., 119 Mo. App. 150, 95 S. W. 978. But here again the evidence in plaintiff's behalf saves him from an application of the rule to this case. The petition alleges that it was a rule in defendant's factory for a workman to do special small jobs, or render any kind of temporary service in the course of the factory business whenever requested by a fellow workman. The evidence in plaintiff's behalf tended to support that allegation; and if the testimony of at least two witnesses is to be believed the foreman not only had knowledge of the custom, but directed that such work be done. This evidence, which must now be accepted as facts in the case, makes the Duvall case, supra, inapplicable.

The instructions given at plaintiff's instance are found to be in harmony with the views we have herein expressed. We will however refer particularly to one of them. By that one the court informed the jury that in a case based on the statute above set out, it was no defense that the machine upon which plaintiff was injured was a reasonably safe machine. This was a proper instruction and the law therein stated has the approval of the Supreme Court in Lore v. American Mfg.

Co., supra. The common law security and safety of machinery cannot be allowed as a defense without annulling the statute. The statute was enacted for the purpose of establishing a statutory rule of safety in all instances where the statute is applicable, and no other rule can be permitted to supersede it.

The instructions given for the defendant were far more liberal to him than the law, as we have herein stated it, justifies. With the exception presently referred to, they omit defendant's culpability in not posting the notice required by the statute when the machinery cannot be guarded. Number four submits the question of accident, on the theory that the injury may have occurred "without the fault of plaintiff or defendant." The case made afforded no ground for a hypothesis of the defendant being without fault. Having determined that the machinery was of the statutory character, and it being admitted that neither guard nor notice was provided, defendant's fault became established.

In consideration of the fact that the eleventh instruction, really, in effect, challenges the propriety of any judgment for the plaintiff we deem it proper to look into its merits. It informed the jury that though the machinery was not guarded, and though it could have been, and that no notice of danger was posted, yet if the notice was not necessary to enlighten plaintiff in reference to the danger; and that plaintiff was instructed and shown how to operate the machine by defendant's foreman; or was warned by the foreman of the danger; or by observation was aware of the danger, that then the posting of a notice was not necessary. It is apparent that that instruction permitted the defendant, as a matter of law, to substitute other forms of notice for that required by the statute and absolved defendant from obeying the statute if the plaintiff could have observed the danger. The statute ought not to be set aside in such manner. The statute evidently in-

tended that in cases where a guard could not be placed a notice should be posted "conspicuously" so that the servant would be informed (not at sometime prior to the injury) but *continuously* informed of the danger. The notice was intended to operate as a *continuous reminder* of the danger. Otherwise, it could be posted for a day and then torn down.

The statute, recognizing that trait in human nature to become inattentive to danger by constant presence with it, required this continuous notice as a protection against what might, in ordinary respects, be termed the servant's carelessness. We, of course, do not say that the servant could not be so careless as to cause him to lose his right to hold the master liable for injury where no notice was posted. As already stated, he could be guilty of such negligence in some circumstances, as would deprive him of a right of action. But we do hold that in all cases the statute must be allowed to count for something, and to that end it should enter into consideration in determining whether there was culpability on the servant's part. If the servant's fault is to be determined by the usual rules applicable where there is no statute, then the enactment of the statute was well-nigh useless. The true question in such cases is: would the servant have acted in the careless manner he did act if the reminding notice required by the law had been conspicuously before him? Or, stated in another way, should his conduct, in the circumstances, be denominated careless conduct? The notice, as already intimated, is required in recognition of a failing in human nature, and not being posted, one is apt to become unmindful of a danger which a constant warning might have caused him to avoid. We regard a statement of law made in Beach on Contributory Negligence, sec. 67, as applicable and as supporting the view of the statute we have taken. That author states: "When the defendant, by his own negligent or wrongful acts, or omissions,

constituting a breach of legal duty, throws the plaintiff off his guard, or when the plaintiff acts in a given instance upon a reasonable supposition of safety induced by the defendant, when there is, in reality, danger, to which the plaintiff is exposing himself, in a way and to an extent which, but for the defendant's inducement, might be imputed to the plaintiff as negligence, sufficient to prevent a recovery, such conduct on the part of the plaintiff, so induced, will not constitute contributory negligence in law, and the defendant will not be heard to say that the plaintiff's conduct under such circumstances is negligent, for the purpose of a defense to the action. The defendant by his own negligent conduct, which has occasioned the conduct of the plaintiff, is estopped, in a certain sense, from making the defense that the plaintiff's conduct was negligent, or in other words, he is not to be allowed, first, to induce the plaintiff to be careless, and then to plead that carelessness as a defense to an action brought against him for the mischief that has been the result. The defendant must not take advantage of his own wrong in such a way as that."

In illustration of what we state should be the rule, or rather should be the mode, of determining whether a servant has been guilty of contributory negligence in an action on the statute, we call attention to the case of Montgomery v. Railroad, 181 Mo. 477, 500, where a flagman customarily gave a warning to persons not to cross a railway track. It was held that the flagman's failure to give the warning should be considered in determining whether the plaintiff was guilty of contributory negligence in crossing. "Acts of a (railway) gateman which tend to mislead a traveller into the belief that he may cross in safety are to be taken into account in determining whether an attempt to cross is negligent." [Conaty v. Railroad, 164 Mass. 572.] "The effect of the appellant's failure to obey the law extends much

farther than the question whether it was or was not guilty of actionable negligence, for it exerts an important influence upon the question whether the intestate was or was not guilty of contributory fault." [Railroad v. Stegemeier, 118 Ind. 309.]

Those cases are not cited as bearing directly on the statute involved in this case, but they do serve to illustrate the security of the position we take in disapproving of the defendant's instruction and in requiring in those instances where the statute reads that a notice shall be posted, that an absence of such notice shall have its weight and be considered in determining whether the servant's conduct amounted to contributory negligence.

We have had the benefit of exhaustive briefs by the respective counsel as well as full presentation of the case orally, and while we have not taken up suggestions in detail which have been urged against the judgment, it is believed that what we have said covers the entire case so far as necessary under the view of the law herein stated. The jury did not lack for full information as to the issues in the case and save as to instructions for defendant which we believe were more than he was entitled to, the direction given them was unexceptionable. In fairness to the trial court, it perhaps should be said that the scope of the instructions should be charged to the liberal disposition shown by the counsel for either side not to refuse to respond to any issue connected with the merits of the case which was tendered by the other. With the concurrence of the other judges, the judgment is affirmed.