## COLE, Appellant, v. NORTH AMERICAN LEAD COMPANY, Respondent.

St. Louis Court of Appeals, March 31, 1908.

**FACTORIES: Guarding Machinery.** The provisions of section 6433, Revised Statutes 1899, requiring the "belting, shafting, gearing," etc., in all manufacturing establishments to be guarded, are intended to apply not to tools proper used in the factory, but to mechanical devices by which the tools are operated, by which the power is transmitted. Planing knives, set in a shaft or axle which revolved rapidly, were not "shafting" within the meaning of the statute, but a tool and would not require to be guarded. [Dissenting from Milsap v. Beggs, 122 Mo. App. 1, Kansas City Court of Appeals.]

Appeal from Madison Circuit Court.—*Hon. Chas. A. Killian,* Judge.

AFFIRMED AND CERTIFIED TO SUPREME COURT.

*B. H. Boyer* and *Jerry B. Burks* for appellant.

The court erred in instructing the jury to return a verdict for the defendant: First. Because the testimony shows that the machine or appliance upon which plaintiff received his injuries was a dangerous one and came within the class of machinery required to be guarded, by section 6433, Revised Statutes 1899. Second. Because the evidence shows that the machine was not guarded, but could have been. Millsap v. Beggs, 122 Mo. App. 1; Colloit v. American Mfg. Co., 71 Mo. App. 163; Lore v. Manufacturing Co., 160 Mo. 608; Blair v. Hiebel, 105 Mo. App. 633; Henderson v. Kansas City, 177 Mo. 482; McGinnis v. Printing Co., 122 Mo. App. 227; Strode v. Columbia Box Co., 101 S. W. 1102; Nair v. National Biscuit Co., 102 Mo. App. 144; R. S. 1899, sec. 6433.

*E. D. Anthony* and *J. F. Lee* for respondent.

GOODE, J.—This plaintiff lost part of his right
hand in consequence of its slipping against the knives
of a planing machine in defendant's factory and insti-
tuted this action for damages. The machine consisted
of a metallic table, with a smooth surface. The table
which is about a foot in width, is divided into two sec-
tions, the section in front of the knives being adjustable
at different heights.    Between the two sections were
the planing knives. They were set in a metallic cylin-
der or axle which rotated rapidly. In planing the op-
erator would lower the adjustable table so the surface
of the board to be planed would be cut to the proper
depth, and would then slide the board against and over
the knives, passing it over the stationary end of the
table behind the knives. The pedestal on which the
table was placed had two openings in the side under
the table and near the floor. Shavings would fall into
this pedestal and either pass out at the opening or be
raked out by the operator. If allowed to remain in
the pedestal, they would choke the machine. The shaft
or axle on which the knives were fixed was run by a
belt leading to a shaft in the floor of the shop, which
shaft was in turn connected with a belt running on a
countershaft near the ceiling. All the machinery in
the room was operated by power transmitted from the
engine room by shafting. This plaintiff, in obedience
to an order from his foreman, undertook to plane a
piece of timber. At the time, the planing machine was
idle, but plaintiff adjusted the belting so as to set it in
motion. After it had started he stooped to rake some
shavings from the pedestal with his left hand, having
his right hand not far from the knives at the time.
As he raised from his stooping posture, he stepped on
a block of wood lying on the floor and covered with
shavings. The block turned, throwing plaintiff off his
balance and his right hand against the knives of the
planer, which lopped off a portion of three of his fin-

fiers and his thumb. At the conclusion of the testimony the court directed a verdict for defendant and plaintiff appealed.

A careful study of the pleadings and evidence has satisfied us there is only one question of doubt raised on the appeal; that is, whether or not the planing machine ought to have been guarded in obedience to the statute; which says:

"The belting, shafting, gearing and drums, in all manufacturing, mechanical and other establishments in this State, when so placed as to be dangerous to persons employed therein or thereabout while engaged in their ordinary duties, shall be safely and securely guarded when possible; if not possible, then notice of its danger shall be conspicuously posted in such establishments." [R. S. 1899, sec. 6433.]

The petition avers it was possible at all times to securely guard the planing machine and knives and thereby make them safe, and asks damages for failure to guard them, and does not count on negligence in not posting notices that the knives were unguarded on the theory that it was impossible to guard them. Other assignments of negligence are contained in the petition, based on the failure of defendant to guard belts, pulleys and other shafting in the room, and on allowing debris and shavings to accumulate on the floor of the room; but we are satisfied no case was made on those facts. Omission to guard other portions of the machinery was not the proximate cause of the accident and the circumstance that some shavings were on the floor was not actionable negligence. Unless the defendant was remiss in omitting to guard the knives of the planer, the case must be classed as an accidental casualty for which the defendant is not responsible. Plaintiff testified the knives could have been guarded without interfering with the use of the planer and undertook to state how this could have been done. It is

far from clear to our minds that it could have been, but perhaps the question would be for the jury if the machine falls within the scope of the statute. The lower court held the statute "did not apply to working parts of the machine, but only to the parts used in transmitting power—gearing, pulleys, shafting and drums;" that it covered only parts of machinery used "to transmit power to the working parts—belts, shafts, pulleys and cog wheels." In Milsap v. Beggs, 122 Mo. App. 1, 97 S. W. 956, a machine precisely like the one by which plaintiff was hurt, as far as we are able to determine from the description in the opinion, was held to come within the statute. The court said, after describing the planer: "We conclude that this horizontal instrument with the knives fastened thereon, was 'shafting' in the sense and meaning of the statute. We think it wholly unlike the machine described in Smith v. Forrester Box Co., 193 Mo. 715, and that the case is not applicable." If the statute required the machine in question to be guarded, it is because it was "shafting" within the meaning of that word as used in the statute. "Shafting" is defined in the Standard Dictionary as follows: "A system of stout rods or shafts, usually cylindrical, mounted in bearings and serving to carry pulleys, gear-wheels or the like, for communicating power, as from a motor to machines." Webster defines the word as meaning "A system of connecting shafts for communicating motion." Shafting appears to have a different meaning in mechanics from "shaft;" which is defined in the Standard Dictionary as "An axle, mandrel, arbor, or other long and usually cylindrical bar, especially if rotating, and subject to torsional stress; as a steamer shaft; a fly wheel shaft." It is also defined in the same work as "A lengthy shafting." It may be said the metal cylinder in which the knives were set was a shaft, without outraging the meaning of the term. So it might be said

they were set in an axle or on a rod. A saw rotating on an axle is, in a certain sense, set on a shaft, or shafting; and perhaps the same may be said of other tools. The point is whether the word "shafting" in the statute includes such a meaning. The connection in which the word is used, along with belting, gearing and drums, indicates the statute is intended to apply, not to tools proper, but to mechanical devices by which the tools are operated; that is by which power is transmitted to them to rotate them or impart other motion to them. In Smith v. Forrester Box Co., 193 Mo. 715, 92 S. W. 394, it appeared the plaintiff was injured while working with a planing machine, but his injury resulted from his hand being caught between two rollers in the rear of the planing knives over which the planed boards ran. The Supreme Court held those rollers were not "shafting" within the sense of the statute and the proprietor was not required to guard them. We are mindful of the fact that this statute is remedial and ought to be liberally construed to realize the purpose of the Legislature. [Lore v. Mfg. Co., 160 Mo. 608, 61 S. W. 678.] But it cannot be extended beyond the meaning its words will bear. It looks to us like the planing knives, though set in a shaft or axle, were in substance a tool and not shafting, and hence not covered by the statute. The statutes require all words used in a law, except technical ones, to be given their usual sense and technical words to be given their import as used by experts. [R. S. 1899, sec. 4160.] No layman would describe the planer as "shafting," and according to the dictionaries, the word "shafting" technically used, does not include in its meaning a planer like the one in question.

It is contended for defendant that plaintiff was guilty of negligence contributing to his injury and hence was not entitled to recover even if the statute was vio-

130 App.—17

lated. We find no evidence in the record which would justify a court in holding he was guilty of contributory negligence as a matter of law. The case turned on whether or not the defendant failed to comply with its statutory duty. We hold it did not and affirm the judgment; but as we deem our decision in conflict with that of the Kansas City Court of Appeals, in Millsap v. Beggs, supra, we certify the cause to the Supreme Court for final decision. It is so ordered. All concur.