MARY E. SALING, Respondent, v. AMERICAN CHICLE COMPANY, Appellant.

Kansas City Court of Appeals, March 2, 1914.

1. MASTER AND SERVANT: Negligence: Machinery: Guard: Statute. A woman employee in a chewing gum manufacturing establishment operated a machine for thinning down to a proper thickness sheets of gum six inches wide, eight inches long and one inch thick, by placing a sheet on a feed·board and pushing it forward under an iron-guard to rollers six inches further on. This would be repeated five times, each time the rollers would be adjusted closer together, until the sheet was spread out to the proper thickness. She testified that she took up a sheet and in pushing it forward under the guard it was obstructed by a lump; she pressed it on until the end reached the rollers, which caused a sudden jerk of her hand against the guard and over it six inches beyond into the rollers, mashing her fingers. Besides the guard, a metal hood rounded over the rollers, coming down six inches in front of them to within two inches of the top of the guard, thus, with exception of this space,. completely enclosing them. It was *held*, that the rollers were safely guarded within the meaning of Sec. 7828, R. S. 1909.

2. ————: ————: Insurer: Protection: Reason. The statute (Sec. 7828, R. S. 1909) requiring the proprietor of machinery to "safely and securely guard it when possible," does not make such proprietor an insurer against injury to an employee. If he places such protection around or over the machinery as will, within the bounds of reason, protect his employees, he is not guilty of negligence.

3. ————: ————: ————: Negligence Per Se: Contributory Negligence. While the proprietor of machinery who fails to have it safely and securely guarded, as required by Sec. 7828, R. S. 1909, is guilty of negligence *per se*, yet contributory negligence on the part of an employee will defeat his recovery for an injury.

Appeal from Jackson Circuit Court.—*Hon. R. B. Middlebrook*, Judge.

REVERSED.

*Warner, Dean, McLeod & Langworthy* for appellant.

*Bird & Pope* for respondent.

ELLISON, P. J.—Plaintiff's action is for injury received by having her fingers and hand partially crushed by a machine belonging to defendant, and which she was operating in the performance of her duty as one of its employees. She recovered judgment in the circuit court.

Defendant's business was the manufacture of chewing gum. The ingredients composing the gum were cooked until it came to a certain consistency when it was cooled, divided into seven-pound lumps, and then kneaded something after the manner of dough in the making of bread, except that powdered sugar was used instead of flour. After being kneaded, it was pressed by a machine into cakes about six by eight inches and one inch thick. These cakes were then turned over to female employees who operated several machines which roll the cakes down to the proper thickness for the market. After being rolled the gum

is marked, dried, broken into sizes and then wrapped as found when sold at retail.

One of these rolling machines was operated by plaintiff. It consisted of two steel rollers (operated by a belt and pulley) revolving together so as to draw the cake or sheet of gum between them, thus, rolling and thinning it down by spreading and lengthening it. These rollers were subject to adjustment by turning a small wheel at the end, so that when the cake or sheet, one inch thick, went through the first time the rollers were brought closer together and the process repeated to the fifth rolling, when the requisite thinness would be obtained. There was a feed board upon which these sheets would be placed by the operator preparatory to pushing them forward with her left hand to be caught by the rollers. Parallel with the rollers and about six inches in front of them, was a metal guard or fender, an inch and a half wide and a little more than an inch above the feed board. An iron or steel hood came down over the rollers to within about two inches of the top of this guard, thus leaving that space between the hood and the guard, through which one, by stooping, could look in at the rollers and could observe the movement of the sheets of gum, and through which plaintiff says her hand passed to the rollers.

She had been engaged at this work, without trouble, for near five months, and on the day of her injury some sheets or cakes had been turned over to her for thinning down through the pressure of the rollers. She testified that the one she took up was too soft for proper manipulation through the rollers and that it had a lump near the end which somewhat obstructed her pushing it under the guard towards the rollers—that in her effort to push it along her hand sunk into it to some extent when it suddenly was caught by the rollers and jerked forward, carrying her hand against the guard *and over* it, through the space between it and the hood and into the rollers, crushing it.

That the injury could have occurred in the way testified to by plaintiff challenges one's belief. How her hand, resting upon the sheet of gum, pressing it forward under the guard where it seemed to be obstructed, could be jerked against the iron guard and then, fingers foremost and straight out, over the guard and through the narrow space between the guard and the protecting hood, straight ahead six inches to the rollers, is scarcely within the bounds of reason. This need not imply that plaintiff purposely misstated the occurrence. The sudden movement of the gum she says jerked her hand against the guard. It might be that in nervous fright she ran her hand in the space toward the rollers. But how her hand, flat on the flat surface of the gum, could, after being jerked against the protecting guard, leap the guard and go on over between the guard and hood six inches beyond, is difficult to comprehend. But as our decision is not to be based on these suggestions we will not pursue them further.

The charge is that the rollers were not guarded under the terms of section 7828, Revised Sections 1909, wherein it is required that machinery "shall be safely and securely guarded" when possible, and when that cannot be done "then notice of its danger shall be conspicuously posted." This statute does not require that the guard shall be such that an injury absolutely could not happen. The nature of the machine and its surroundings where used, the use to which it is put, etc., will determine what an intelligent, careful and prudent man would do in guarding his machinery and protecting his employees. While the statute makes it negligence *per se* for the proprietor not to have the guard when possible, or a notice when not, it does not contemplate that he shall be an insurer against injury. He must construct or procure such guard as, within the bounds of reason, will protect his employees who, themselves, are using ordinary care, for if they are

guilty of contributory negligence they cannot recover. [Simpson v. Witte Iron Works Co., not yet officially reported (155 S. W. 810); Lore v. American Mfg. Co., 160 Mo. 608; Millsap v. Beggs, 122 Mo. App. 1.]

The evidence in the case shows that these rollers were so guarded and so securely protected from outside contact, as to render an accident to an employee well nigh impossible. The guard bar extended across the feed board slightly more than an inch above it, and six inches out in front of the rollers, so that one pushing the gum under could not possibly get her fingers caught in the rollers by that act. Then the steel hood rounded over the rollers, coming down six inches out in front of them, to within two inches of closing on top of the guard. Thus, they were entirely housed or closed in except for this small space. It seems to us that defendant, instead of being condemned for neglect in guarding the machine, should be commended for its security against any accident within the range of probability.

The judgment should be reversed. All concur.

## ON REHEARING.

TRIMBLE, J.—A motion for rehearing was sustained in the above case; and it has been again argued and submitted and thoroughly and carefully considered in all of its phases and bearings.

A re-examination of the case, however, convinces us more strongly than ever that, as a matter of law, plaintiff is not entitled to recover. The foregoing opinion by ELLISON, P. J. states the facts and expresses the views of the court so clearly that it is unnecessary to write another opinion herein.

It may be proper, however, to say that we have given careful heed to the complaint made by plaintiff that the machine, which by stipulation of parties, was considered at both arguments of the case and offered

in evidence at the trial, was not the same machine plaintiff used, or was not in the same condition, as at the time of the accident. But, unquestionably, it was the same machine; and even if there had been the difference plaintiff contends there was, it would not have been sufficient to have convicted the defendant of a violation of the statute by reason of a failure to guard. The statute was fully complied with, and when that is done, defendant must not be held liable.

The former opinion is adhered to, and the judgment is reversed. All concur.