# HANNAH HEMPHILL, Respondent, v. KANSAS CITY, Appellant.

### Kansas City Court of Appeals, May 25, 1903.

I. **Municipal Corporations: DEFECTIVE SIDEWALK: NOTICE: INSTRUCTION.** An instruction epitomized in the opinion and relating to a defect in the sidewalk and notice thereof to the defendant city, is approved as applicable to the case made by the evidence.

2. ———: ———: **PETITION: EVIDENCE: INSTRUCTION: DEPARTURE.** An instruction and petition are compared and it is held under the evidence that while the instruction was not as specific as the petition, there was no departure or resulting prejudice.

3. ———: ———: **INSTRUCTIONS: ABSTRACTION: ASSUMING FACT.** An instruction containing a mere abstraction which does not mislead is harmless, and a criticism that an instruction assumes facts is not sustained.

Appeal from Jackson Circuit Court.—*Hon. John W. Henry,* Judge.

AFFIRMED.

*R. J. Ingraham, J. J. Williams* for appellant.

(1) Plaintiff's instruction No. 1 is erroneous, because in fixing the defendant's liability on implied notice it states the time when notice begins to run as "the time said sidewalks became defective." Notice begins to run when the dangerous defect causing the accident begins to exist—not from the time some defect begins to exist in the walk. Such is the manifest meaning of the rule. Badgeley v. St. Louis, 149 Mo. 133; Carvin v. St. Louis, 151 Mo. 334; Baustian v. Young, 152 Mo. 326. (2) The same error is carried into plaintiff's instruction No. 3. It also fixed the time when implied notice begins to run as "the time the sidewalk becomes defective"—whereas they must show that there existed a

sufficient length of time before the accident a state of facts which would justify the inference that the city knew that the street had, by reason of the defective condition of the walk, become unsafe and dangerous, not merely defective. Badgeley v. St. Louis, 149 Mo. 133. (3) Plaintiff's instruction No. 6, assumes that plaintiff sustained damages as the natural and probable result of her injuries—a fact in issue by the pleadings and evidence. It should not have been given. Welsh v. Edmunson, 46 Mo. App. 287; Gay v. Tielkemeyer, 64 Mo. App. 112. (4) Plaintiff's instruction No. 4, defining negligence, certainly could not have enlightened the jury, for the word is clearer than the definition. Karle v. Railroad, 55 Mo. 476. (5) Instructions are equally faulty whether enlarging or restricting the issues. Bank v. Murdock, 62 Mo. 70. The instructions should be based on the pleading. Bank v. Westlake, 21 Mo. App. 565; Colliate v. Mfg. Co., 71 Mo. App. 163.

*Bird, Madden & Pope* for respondent.

(1) The court did not err in any of its instructions given on behalf of the plaintiff. (2) The same complaint is made as to instruction No. 3, as was made as to instruction No. 1. (3) It is claimed that instruction No. 6 assumes that the plaintiff sustained damages as the result of her injuries. There was no error in the giving of such instruction. Young v. Webb City, 150 Mo. 333; Chilton v. St. Joseph, 143 Mo. 192; Hamferld v. Kansas City, 103 Mo. 172; Bigelow v. Railroad, 48 Mo. App. 368. (4) It is claimed that instruction No. 4 is erroneous. It is the standard definition of negligence. (5) It is claimed that instruction No. 1 is also erroneous because it is broader than the petition of the plaintiff. It follows the exact words of the petition which alleged that for a period of three months, the sidewalk had been "in a defective, unsafe and dangerous condition." Baustian v. Young, 152 Mo. 318, syl. 3.

SMITH, P. J.—Action to recover damages for personal injuries.

The petition, amongst others, contained the following paragraph, that is to say: "That plaintiff on or about July 4th, 1901, and at about 9:30 p. m. of said day, while walking south and along and upon said sidewalk at or near said numbers 1739 and 1741 Holly street, and on which the boards were loose and rotten and the stringers in a loose condition, and in which and at which point there were holes and openings as aforesaid, and while the plaintiff was in the exercise of ordinary care and caution and without said plaintiff having any knowledge of the defective, unsafe and dangerous condition of said sidewalk she stepped into one of said openings between the boards or planks of said sidewalk, and by reason of the loose and defective condition of the boards or planks and stringers of said sidewalk, and that one of the boards or planks in said sidewalk was projecting edgewise above the other boards, one of her feet was caught by said upturned board and caused her to be tripped and thrown with great force and violence upon said sidewalk, causing concussion of the brain, badly sprained her right hand and wrist and broke some of the bones in her right wrist and bruised and sprained her left hand, bruised her right side and injured her internally, causing injury to her stomach and a severe shock to her nervous system, from all of which she has been made sick, sore and disabled, and made to suffer great bodily pain and mental anguish, and will cause her to suffer in the future and her ability to earn a livelihood has been greatly impaired," etc.

There was an answer filed and a trial of the issues to a jury in the court below, which resulted in judgment for the plaintiff, from which defendant appealed here, assigning as the grounds for reversal that the court erred in its action in giving for plaintiff instructions one, three, four and six. By number one it in-

structed the jury that if it found from the evidence that the sidewalk on the east side of Holly street, between West Seventeenth street and West Eighteenth street, and in front of lots numbered 1739 and 1741 Holly street of said Kansas City, was on the 4th day of July, 1901, in an unsafe and dangerous condition for travel thereon by the public, and that a sufficient time had elapsed between the time said sidewalk became defective, in case it found it was defective, and the time of the injury to plaintiff, for the city, by the exercise of reasonable diligence, to have discovered and repaired said sidewalk prior to the time of the accident, and if it found that the plaintiff, while lawfully traveling along said sidewalk, in the exercise of ordinary care, was thrown and injured by reason of the unsafe and dangerous condition of said sidewalk, then its verdict should be for the plaintiff.

This instruction correctly expressed the law applicable to the case made by the evidence. Badgley v. St. Louis, 149 Mo. 1. c. 133, cited by the defendant, will be seen, by reference to it, to be in its facts unlike this, and for that reason it can not be invoked as a guiding precedent. In a somewhat similar case this instruction was impliedly approved by the Supreme Court. Perrette v. Kansas City, 162 Mo. 244. Baustian v. Young, 152 Mo. 318 (1. c. 326), may be cited as an authority also upholding the action of the court in giving it.

The defendant further objects that as the allegation of the petition is that the sidewalk was in a defective, unsafe and dangerous condition—that at the place therein where plaintiff was hurt, "the boards were loose and rotten, and the stringers in a loose condition," etc., and as the said instruction told the jury that the verdict should be for plaintiff if it found that the sidewalk was at that place "in an unsafe and dangerous condition for travel thereon," etc., that there was a departure of the latter from the former, and a widening of the issue which was not permissible. Certainly,

an instruction which enlarges or restricts the issue in an essential particular would be erroneous. Bank v. Murdock, 62 Mo. 70. But as the evidence in the present case tended to support the allegations of the petition, we can not discover that because the said instruction was not as specific as the petition, that there was any departure in the latter from the former, or any resulting prejudice to defendant.

The plaintiff's third is in theory substantially the same as her first, and what has been said in respect to the propriety of the action of the court in giving it applies with equal force to her third.

The fourth, while a mere abstraction, is nevertheless not erroneous nor calculated to mislead. Nor do we think the plaintiff's sixth is subject to the defendant's criticism that it assumes the facts therein referred to.

The instructions, taken in their entirety, fairly submitted the case to the jury whose verdict must stand, and the judgment thereon be affirmed. All concur.