## PATRICK H. HALLORAN, Appellant, v. THE PULL-MAN COMPANY, Respondent.

St. Louis Court of Appeals. Argued and Submitted April 6, 1910. Opinion Filed April 19, 1910.

1. **MASTER AND SERVANT: Injury to Servant: Safe Place to Work: Duty of Master.** A master must furnish his servant with a reasonably safe place in which to work, and he must exercise ordinary care to keep the place in a reasonably safe condition. The question of his negligence is determined by reference to the conduct of an ordinarily prudent person under like circumstances, and omissions which entail injuries, such as might have been anticipated by a reasonably prudent person, are negligent breaches of duty.

2. —————: **Negligence: Injury to Servant: Anticipating Result: Facts Stated.** A foreman in charge of car cleaners directed an upholsterer to repair a seat in the smoking room of a Pullman car. The upholsterer entered the car, which was dark, raised the sofa from the seat, and then rested it on his knee, and was about to put the stepping box under it when his right foot slipped and the cushion fell, catching the forefinger of his right hand between the stepping box and the frame of the sofa, crushing his finger. The floor of the car was sloppy. *Held,* that the master was not liable, because a reasonably prudent man would not have supposed that the water remaining on the floor of the car would have caused an accident to any one employed in working there.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds,* Judge.

AFFIRMED.

*Everett W. Pattison* and *Alfred P. Hebard* for appellant.

(1) The error which appellant assigns is that the trial court took the case from the jury by sustaining a demurrer to the evidence. The case is one showing that the defendant had not furnished its employee, the plaintiff, with a reasonably safe place in which to do his work.

This duty is one the master cannot delegate.  Jones v.
Packet Co., 43 Mo. App. '398; Schaub v. Railroad, 106
Mo. 74; Henry v. Railroad, 109 Mo. 488; Coontz v. Rail-
road, 121 Mo. 652; Browning v. Railroad, 124 Mo. 55;
Railroad v. Tuck (Tenn. Civ. App.), 116 S. W. 620,
Affd. 123 S. W. 406.   (2)   The positive duty rests on
the master to see that the place in which the employee is
to work is a safe place.   When plaintiff proves the ex-
istence of the defect, he makes out a case.   It is then for
the defendant, the employer, to show matters, if any
there are, which exculpate him.   Parsons v. Railroad,
94 Mo. 286; Nicholds v. Crystal Plate Glass Co., 126
Mo. 55; Gibson v. Railroad, 46 Mo. 163; Dedrick v.
Railroad, 21 Mo. App. 433; Bartley v. Trorlicht, 49 Mo.
App. 214; Gutridge v. Railroad, 94 Mo. 468, 105 Mo.
520; Rodney v. Railroad, 127 Mo. 676; Nash v. Pressed
Brick Co., 109 Mo. App. 600; Sackewitz v. Biscuit Mfg.
Co., 78 Mo. App. 144; Huth v. Dohle, 76 Mo. App. 671.

*Sears Lehmann,* and *Lehmann & Lehmann* for re-
spondent.

(1)   (a)   The defendant was not bound to furnish
plaintiff a dry place, or an absolutely safe place in which
to work; the defendant's obligation was to use ordinary
care to furnish plaintiff a reasonably safe place in which
to work.   The master does not insure against danger
and is liable for the consequence, not of danger, but of
negligence.   Dickey v. Dickey, 111 Mo. App. 304; Chris-
mer v. Telephone Co., 194 Mo. 189; Blundell v. Mfg. Co.,
189 Mo. 552; Leitner v. Grieb, 104 Mo.   App.   173;
Franklin v. Railroad, 97 Mo. App. 473; Wendall v. Rail-
road, 100 Mo. App. 556; Glasscock v. Swafford Bros.,
106 Mo. App. 657; Anderson v. Box Co., 103 Mo. App.
382; Howard v. Railroad, 173 Mo. 524; Harrington v.
Railroad, 104 Mo. App. 663; Stumbo v. Duluth Zinc Co.,
100 Mo. App. 635; Sinberg v. Falk Co., 98 Mo. App. 546;
Beebe v. Transit Co., 206 Mo. 419.   Thus   (b)   when

the plaintiff proved the existence of a defect (if he did prove it) he did not make out a case, and it was not for the defendant to exculpate itself, for the presumption is that defendant had no notice or knowledge of the fact and was not negligently ignorant. Franklin v. Railroad, 97 Mo. App. 473; Elliott v. Railroad, 67 Mo. 272; Covey v. Railroad, 86 Mo. 635. (2) Defendant did nothing out of the usual course of its business whereby plaintiff was injured, and the plaintiff's injury was an accident for which defendant is not responsible. Anderson v. Box Co., 103 Mo. App. 382; Wendall v. Railroad, 100 Mo. App. 556; Dickey v. Dickey, 111 Mo. App. 304; Leitner v. Grieb, 104 Mo. App 173; Cole v. Lead Co., 112 S. W. 753. (3) The mere fact that there was a small wet place on the floor would not make that a dangerous place in which to sew on a button, but even if this were true, and if in the teeth of the law and the evidence it were presumed that this danger was the result of negligence on the part of some one connected with defendant, even then plaintiff cannot recover, for if the evidence warrants the inference that anybody connected with the defendant was responsible for the wet spot it would be the defendant's car cleaners, and they were fellow-servants with plaintiff. Forbes v. Const. Co., 198 Mo. 193; Dickey v. Dickey, 111 Mo. App. 304; Jackson v. Mining Co., 106 Mo. App. 441; Fox v. Packing Co., 96 Mo. App. 173; Grattis v. Railroad, 153 Mo. 380; Parker v. Railroad, 109 Mo. 378; Relyea v. Railroad, 112 Mo. 86.

REYNOLDS, P. J.—The plaintiff in this case, by occupation an upholsterer, while in the employment of the defendant, was directed to put buttons on the seat of a sofa in the smoking room of a Pullman car, that car at the time being in place in the Union Depot, in the city of St. Louis. He reached the car about 5 o'clock on the evening of April 13th and went into the car, which was dark, raised the sofa from the seat in the smoking room of the car with both hands and after he had raised it,

rested it on his knee, holding it by his knee and his left hand, and was about to put the foot box, or "stepping box," as he calls it, under it, and just as he did so, his right foot slipped from under him and the cushion falling, caught the forefinger of his right hand between the "stepping box" and the frame of the sofa, crushing his finger. Looking to see what had caused his foot to slip he found that the floor of the car was sloppy and had soapy water on it. He had gone to this place to work under the direction of a foreman, who was also foreman and had charge of the car cleaners. Plaintiff testified that in consequence of the injury to his finger, his hand is permanently maimed, and that he is unable to pursue his occupation of an upholsterer. This is practically the testimony of plaintiff in the case as to the accident, as also all the material evidence in the case, except that the plaintiff offered in evidence the charter of the defendant which it is unnecessary to notice.

At the conclusion of plaintiff's testimony, plaintiff resting, the defendant asked the court to instruct the jury, before which and the court the case was on trial, that under the pleadings and the evidence their verdict must be for the defendant. The court ruling that it would give this instruction, plaintiff took a nonsuit, with leave to move to set the same aside, which motion he afterwards filed and that being overruled and exception saved, he has brought the case here on appeal.

The errors relied upon by counsel for plaintiff are to the taking of the case from the jury under an instruction, and the contention that "the positive duty rests on the master to see that the place in which the employee is to work is a safe place. When plaintiff proves the existence of the defect, he makes out a case. It is then for the defendant, the employer, to show matters, if any there are, which exculpate him." Practically these assignments are identical. They are endeavored to be supported in a very clear brief by the learned counsel for the appellant who seem to be under the im-

pression that because the record is short that this court will not consider it a case worthy of attention. That is a mistake. The case presents very clearly the point as to whether the employer, under the circumstances stated, is liable by reason of plaintiff having sustained the injury which undoubtedly he did sustain, and the determination of that point is always of importance. It has often arisen and has been carefully considered by this court as well as by the Supreme Court and other appellate courts of the state. For that reason, and in no manner overlooking the very able brief of counsel, we do not think it necessary to go into an analysis of the cases, or to draw distinctions between those relied on and those we think applicable to this case. The question to be determined in this case and the only one in it, is whether or not the employer, assuming it to have been ordinarily prudent, would or should have anticipated danger in directing plaintiff, its employee, to work in this smoking compartment of the sleeping car; or assuming that the employer knew or should have known that the soapy water was on the floor, was bound to anticipate that there was a reasonable probability that the employee working on a floor in that condition would sustain injury. To put it briefly, could the employer in this case have reasonably anticipated that the accident would have happened to the plaintiff by reason of his being put to work in a car on the floor of which was this soapy water? We think that the principles applicable to and governing this case are clearly set out in the cases of Wendall v. Railroad, 100 Mo. App. 566, 75 S. W. 689; Anderson v. Forrest-Nace Box Co., 103 Mo. App. 382, 77 S. W. 486; Dickey v. Dickey, 111 Mo. App. 304, 86 S. W. 909; Cole v. North American Lead Co., 130 Mo. 253, 112 S. W. 753; Harris v. Kansas City Southern Ry. Co., 146 Mo. App. 524, 124 S. W. 576.

As is said by this court in Harris v. Kansas City Southern Railway Company, supra, when treating of the duty of the employer to furnish his employee with a reasonably safe appliance with which to perform the services contemplated in the employment, but changing the language to fit the facts here, for the duty with reference to furnishing a reasonably safe place to work is like that governing the furnishing of reasonably safe appliances and tools, it may be said in this case that the rule obtains, generally, that it is the duty of the employer to furnish the employee with a reasonably safe place in which to perform the services contemplated in the employment and this duty continues' to obtain to the end that the employer shall exercise ordinary care toward keeping such place where the work is to be done in a reasonably safe condition for the performance of the intended work. The question of negligence in respect to such matters is to be determined by reference to the conduct of an ordinarily prudent person under like circumstances. Omissions which entail injuries such as might have been foreseen or anticipated by a reasonably prudent person, as within the range of reasonable probabilities, are regarded as negligent breaches of duty in respect to the obligation referred to. The typical prudent man, whose conduct furnishes' the standard to which the employer is bound to conform, is supposed to exercise a proper degree of care, not merely in observing existing conditions but also in forecasting future occurrences. See also Labatt, Master & Servant, secs. 140, 141, 142, and other authorities cited in the Harris case. Applying that to the facts here in evidence, as testified to by the plaintiff himself, we think it beyond question that no reasonably prudent man would have any cause to suppose that the water remaining on the floor of this smoking compartment of the Pullman car, even if it were soapy and presumably slippery, would have caused an accident to any one em-

ployed in working there. Its presence there was not of a kind of known or visible hazard such as would lead any one to suppose that it could, by any possibility, have caused a hurt to any one walking or standing on it, or working there.

The action of the circuit court in sustaining the demurrer to the evidence, which was practically what was done, and in refusing to set aside the nonsuit, is affirmed. All concur.

