ANTON SYLVESTER MINIEA, a Minor, by Next Friend, Respondent, v. ST. LOUIS COOPERAGE COMPANY, Appellant.

St. Louis Court of Appeals, June 3, 1913.

1. **MASTER AND SERVANT: Injury to Servant: Unguarded Machinery: Constitutionality of Statute.** In an action by a servant, under Sec. 7828, R. S. 1909, for injuries received from unguarded machinery, *held* that the point made that the petition did not state a cause of action because the statute upon which it was predicated was unconstitutional, was not well taken, under the decision of the Supreme Court in Simpson v. Iron Co., 249 Mo. 376.

2. ———: ———: ———: **Notice by Factory Inspector.** Notice by the factory inspector of the danger of unguarded machinery and the necessity of guarding is not necessary, under Sec. 7828, R. S. 1909, to make an employer liable for injuries to an employee, resulting from failure to guard; following Simpson v. Iron Co., 249 Mo. 376.

3. **PLEADING: Sufficiency of Petition: Aider by Verdict.** In determining the sufficiency of a petition after verdict, every intendment is to be indulged in its favor.

4. **MASTER AND SERVANT: Injury to Servant: Unguarded Machinery: Pleading: Sufficiency of Petition.** In an action by a servant, under Sec. 7828, R. S. 1909, for injuries received from unguarded machinery, the petition alleged that plaintiff, in the performance of his duties, was required to work about the machine in question; that defendant knew, or by the exercise of ordinary care would have known, that the machine was dangerous and that plaintiff was apt to be hurt by it;

that while plaintiff was so working about the machine, his left foot was caught beneath one of the moving parts thereof, and injured; that defendant failed to guard the machine, although it was possible to do so, and failed to post notices of the dangers of the same in a conspicuous place in the establishment. *Held*, that the petition sufficiently alleged, as against attack after verdict for failure to state a cause of action, that the machine was "so placed as to be dangerous to employees . . . while engaged in their ordinary duties," so as to bring the case within the statute.

5. ———: ———: ———: ———: Repugnant Averments. In an action by a servant, under Sec. 7828, R. S. 1909, for injuries received from an unguarded machine, where the petition charged a failure to guard the machine as a ground of negligence and also charged that defendant failed to post notices of the dangers of the same in a conspicuous place in the establishment, but the case was tried on the former theory of liability only, the petition was not vulnerable to attack, after verdict, on the ground that these two theories were contradictory and therefore destructive of each other; the averments respecting the latter theory being treated as surplusage.

6. ———: ———: ———: Negligence Per Se. The violation of Sec. 7828, R. S. 1909, requiring machines, etc., when so placed as to be dangerous to persons employed thereabout, to be guarded, is negligence *per se*.

7. ———: ———: ———: Sufficiency of Evidence. In an action by a servant, under Sec. 7828, R. S. 1909, for injuries receive dfrom an unguarded machine, evidence *held* to show that the machine could have been guarded without interfering with its operation.

8. ———: ———: ———: Contributory Negligence. A machine used for tightening barrel hoops was encircled by an iron ring, four or five inches in width, and some distance from the floor. Within this ring there was a platform, which, in the operation of the machine, moved up and down. The barrels came from the machine with great rapidity, making it necessary for the operator of the machine to work rapidly. Plaintiff, the operator of the machine, in turning to place certain of the barrels which came from the machine to one side, got his foot underneath the movable platform, resulting in its being crushed. In an action by him for the injuries received, on the theory that the machine was unguarded, as required by Sec. 7828, R. S. 1909, *held* that, in view of the rapidity with which he was compelled to work, he was not guilty of contributory negligence as a matter of law in moving about so as to get his foot beneath the platform, although he must have raised his foot some five inches from the floor and placed

it some distance inside of the outer edge of the ring encircling the machine, but the question of whether he was guilty of contributory negligence was for the jury.

9. **NEGLIGENCE: Contributory Negligence: Demurrer to Evidence: Trial Practice.** In an action for personal injuries, unless the evidence viewed most favorably for plaintiff, with every reasonable inference in his favor, shows negligence on his part so clearly that reasonable minds cannot differ with respect thereto, the question of his contributory negligence is for the jury.

10. **MASTER AND SERVANT: Injury to Servant: Contributory Negligence: Children.** The conduct of a boy, sixteen years of age, suing for injuries received in a factory, is not to be judged by the standard of what an ordinarily prudent man would have done under the circumstances, but with reference to the conduct of an ordinarily prudent boy of his age.

11. ———: ———: ———: ———: **Instructions.** In an action by a sixteen-year-old boy for injuries received in a factory, *held* that an instruction given for plaintiff which authorized the jury to take into consideration plaintiff's age and experience, in determining whether or not he was guilty of contributory negligence, taken in connection with one given for defendant, fairly submitted the issue of contributory negligence.

12. ———: ———: ———: ———: **Instructions: Nondirection.** In an action by a sixteen-year-old boy for injuries received in a factory, an objection to an instruction given at the request of plaintiff, which authorized the jury to take into consideration plaintiff's age and experience, in determining whether or not he was guilty of contributory negligence, on the ground that it failed to tell the jury to take into consideration plaintiff's intelligence and capacity for understanding and appreciating the danger, in view of his experience, could not be considered, on appeal, for the reason that defendant did not request an instruction supplying the alleged omissions.

13. **INSTRUCTIONS: Nondirection.** An objection to an instruction which is correct in its general scope, on the ground that it did not require the jury to take certain matters into consideration, will not be considered, on appeal, unless the party making such objection requested an instruction supplying the omission.

14. **MASTER AND SERVANT: Injury to Servant: Unguarded Machinery: Instructions.** In an action by a servant, under Sec. 7828, R. S. 1909, for injuries received from unguarded machinery, defendant requested an instruction that, although the jury believed the machine could have been guarded, yet if defendant had no reasonable ground to anticipate injury to an employee from its operation while engaged in his ordinary

duties, then plaintiff could not recover. *Held*, that if the machine was so placed as to be dangerous to employees while engaged in their ordinary duties, defendant was bound to anticipate that injury was likely to occur by reason thereof, and hence the instruction was properly refused.

15. INSTRUCTIONS: Abstract Instruction. It is not error to refuse an instruction which, although abstractly correct, does not apply to the concrete facts.

16. NEGLIGENCE: Accident: Instructions. In an action for personal injuries, where there is no evidence tending to show that the injury was the result of an accident, it is not error to refuse an instruction to the effect that if plaintiff's injuries were caused by mere accident and misadventure, without fault or negligence on the part of any one, then plaintiff is not entitled to recover.

17. MASTER AND SERVANT: Injury to Servant: Unguarded Machinery: Evidence. In an action by a servant, under Sec. 7828, R. S. 1909, for injuries received from unguarded machinery, evidence that another servant had previously been injured on the machine in question was competent, for the purpose of showing that the machine was dangerous to those working about it, which was an issue in the case.

18. ————: ————: ————: Evidence: Opinion Evidence. In an action by a servant, under Sec. 7828 R. S. 1909, for injuries received from unguarded machinery, it was proper to permit nonexpert witnesses to testify as to whether the machine in question could have been guarded without interfering with its operation; such evidence, if opinion evidence, falling within the exception to the general rule that nonexpert witnesses must state facts and not give their opinions.

19. ————: ————: ————: ————: ————: Appellate Practice: Harmless Error. In an action by a servant, under Sec. 7828, R. S. 1909, for injuries received from unguarded machinery, even if it were error to permit a nonexpert witnss to testify that the machine could have been guarded without interfering with its operation, such error was not prejudicial to defendant corporation, in view of the fact that its president and expert admitted that the machine could have been guarded.

20. ————: ————: ————: Evidence: Repairs. In an action by a servant, under Sec. 7828, R. S. 1909, for injuries received from unguarded machinery, evidence that the machine was guarded after the accident was not admissible.

21. TRIAL PRACTICE: Conduct of Counsel. In an action by a servant for injuries received from unguarded machinery, one of plaintiff's witnesses volunteered the improper statement that a guard was put on the machine subsequent to plaintiff's

injury. On motion of defendant's counsel this statement was expunged from the record. Other witnesses volunteered like statements which also were expunged on motion of defendant's counsel. After these rulings had been made, plaintiff's counsel endeavored to elicit further testimony to the same effect, defendant's objections to which were sustained. Defendant's counsel then moved that plaintiff's counsel be reprimanded for persisting in endeavoring to get this matter before the jury. *Held*, that the refusal of the court to reprimand plaintiff's counsel was not prejudicially erroneous.

22. **MASTER AND SERVANT: Injury to Servant: Unguarded Machinery: Evidence: Opinion Evidence.** In an action by a servant, under Sec. 7828, R. S. 1909, for injuries received from unguarded machinery, a question propounded to defendant's superintendant by counsel for defendant, calling for his opinion as to whether or not the machine in question, as it was being operated, was dangerous to one in the position in which plaintiff was at the time of his injury and while engaged in his ordinary duties, was properly excluded.

Appeal from St. Louis City Circuit Court.—*Hon. William B. Homer*, Judge.

AFFIRMED.

*Charles E. Morrow* for appellant.

(1) The petition in this case is based upon section 3 of an Act of April 20, 1891 (Laws 1891, p. 162, now Sec. 7828, R. S. 1909), as amended in 1909, Laws 1909, p. 502. (a) The Act of April 20, 1891, has been declared unconstitutional by the Supreme Court on the ground that more than one subject is covered by the act, and that for that reason the statute is unconstitutional and void under the provisions of section 28 of article IV of the Constitution of Missouri. Williams v. Railroad, 233 Mo. 666. This act therefore cannot be the basis of a cause of action. Simpson v. Iron Works Co., 249 Mo. 376, 144 S. W. 895. (b) Even if the Act of 1891, under which the suit is brought, is constitutional, the petition fails to state a cause of action thereunder because it is nowhere alleged that any notice was given to the defendant to guard the machinery in ques-

tion, as required by section 16 of said Act of 1891 (now Sec. 7842, R. S. 1909), and that the defendant failed to comply with such notice, and for that reason the defendant has not been guilty of a violation of the act so as to subject it to an action by an employee under the statute. Williams v. Railroad, 233 Mo. 666. (c) The petition does not state that the machinery in question was so placed as to be dangerous to persons employed therein or thereabout while engaged in their ordinary duty. And for that reason it fails to state a cause of action under the said Act of 1891 as amended in 1909 (now Sec. 7828, R. S. 1909). Roundtree v. Cement Co., 156 Mo. App. 679; Strode v. Box Co., 124 Mo. App. 511. (d) The petition in this case charges that defendant failed to securely guard the machine in question although it was possible to so guard the same, and also failed to post notice of the danger of said machine in a conspicuous place as provided by the statute where it is not possible to guard the machine. These two grounds are absolutely inconsistent and they destroy each other. And for that reason the petition is bad. Rutledge v. Railroad, 110 Mo. 313; R. S. 1909, sec. 7828. This point can be raised by an objection at the trial to any evidence under the petition. Rutledge v. Railroad, 110 Mo. 313. (2) The court erred in giving plaintiff's instruction No. 3 for the reason that under the evidence in this case the plaintiff is *sui juris* and must be held in law to the exercise of ordinary care. Herdt v. Koenig, 137 Mo. App. 589; Henry v. Railroad, 141 Mo. App. 351; Stegmann v. Gerber, 146 Mo. App. 104. The instruction does not require the jury to find that the plaintiff was of immature years, nor does it require the jury to take into consideration plaintiff's capacity or intelligence. It assumes that plaintiff, a boy sixteen years of age, was of immature years. And finally the instruction only requires the jury to take into consideration the plaintiff's age; for it provides that if he exercise "such care and caution as a person of his

age would ordinarily exercise under the situation and circumstances, then he was not guilty of contributory negligence.'' This is not the law. Anderson v. Railroad, 81 Mo. App. 116; Anderson v. Railroad, 161 Mo. 411; Berger v. Railroad, 112 Mo. 238; Ruschenberg v. Railroad, 161 Mo. 86; Baird v. Railroad, 146 Mo. 272. (3) If the machine was so placed that no danger to employees would be reasonably expected by the defendant, it was not required to be guarded by statute, and for that reason defendant's instruction No. 3 properly declared the law and the court erred in refusing it. Strode v. Box Co., 124 Mo. App. 511. (4) The court erred in permitting the plaintiff to show that the witness Kunkel had been injured on the machine in question before the plaintiff was hurt. Goble v. Kansas City, 148 Mo. 470; Smart v. Kansas City, 91 Mo. App. 586; Edwards v. Paving Co., 92 Mo. App. 226; Stout v. Columbia, 118 Mo. App. 444; Perry v. Ford, 17 Mo. App. 218. (5) The fact that the defendant may have guarded the machine after the accident could not be shown in evidence. Bailey v. Kansas City, 189 Mo. 510; Schermer v. McMahon, 108 Mo. App. 836; Railroad v. Hawthorne, 144 U. S. 202. Surely the conduct of the plaintiff's attorney in repeatedly asking of witnesses if the defendant had not guarded the machine in question after the accident after the court had held the evidence to be incompetent and ruled it out, and the failure of the court to reprimand counsel for such conduct, constitutes reversible error. State v. Rose, 178 Mo. 34-35; Perry v. Ford, 17 Mo. App. 218-219. (6) It was incompetent for the plaintiff to ask nonexpert witnesses if the machine in question could be guarded, and the court erred in not sustaining defendant's objection thereto. This invaded the province of the jury. Nash v. Dolling, 93 Mo. App. 164. If such a question is proper and could be asked, then the court erred in refusing to allow the defendant to ask the expert wit-

175 Mo. App. 7

nesses, Meyer and Carroll, whether or not said machine was dangerous to a person while engaged in his ordinary duties. (7) Under the statute and the decisions of this court construing it the defendant was not bound to guard the machine in question unless it had reason to anticipate danger to one while engaged in his ordinary duties, and the court erred in not permitting the defendant to show by testimony that nothing had ever occurred that suggested to it that the machine in question was dangerous to a person while engaged in his ordinary duties. Strode v. Box Co., 123 Mo. App. 521.

*Christian F. Schneider* filed argument for respondent.

ALLEN, J.—This is an action for personal injuries suffered by plaintiff while in the employ of defendant, as its servant. The defendant is engaged in the business of manufacturing barrels and other cooperage wares in the city of St. Louis, and plaintiff was injured while working about what is called a trussing machine, used for tightening hoops upon barrels. Plaintiff recovered, and the defendant has appealed.

The action is based upon section 7828, Revised Statutes 1909, being one of the sections of what is known as the Factory Act. This section is as follows: "The belting, shafting, machines, machinery, gearing and drums, in all manufacturing, mechanical and other establishments in this State, when so placed as to be dangerous to persons employed therein or thereabout while engaged in their ordinary duties, shall be safely . . . guarded when possible; if not possible, then notice of its danger shall be conspicuously posted in such establishments."

The petition, in substance, avers that plaintiff, in the performance of his duties as a servant of defendant was required to work about the machine in ques-

tion, and that defendant knew, or by the exercise of
ordinary care would have known, that the machine was
dangerous, and that plaintiff was apt to be injured or
hurt thereby; that while plaintiff was so working about
the machine his left foot was caught beneath one of the
moving parts thereof and crushed, severely and per-
manently injuring him. The petition sets up in full
section 7828, supra, and alleges that the defendant
failed to guard the machine in question, although "it
was possible to so guard the same, and failed to post
notice of the dangers of the same in a conspicuous
place in said establishment; that negligence and care-
lessness of the defendant in failing to so guard said
machine and machinery and its said parts, and failure
to post such notice," directly caused plaintiff's in-
juries.

The answer is a general denial, coupled with a plea
of contributory negligence, whereby it is averred that
the plaintiff negligently and carelessly placed his foot
in, under, and between the parts of the machine about
which he was working in such a manner as to be caught
between the parts thereof, and that therefore plain-
tiff's injuries, if any, were caused by his own negli-
gence. The reply denies the averments of the answer
respecting plaintiff's contributory negligence.

At the time of plaintiff's injury he lacked three
weeks of being sixteen years of age. He had been
working upon this machine but two and one-half days,
although he had been employed at other work in de-
fendant's factory for some time. His duties, in working
about this machine, consisted of lifting barrels there-
from, after the hoops had been tightened upon them by
the machine, and placing them on a runway, which took
them to another part of the establishment. Another
employee operated the machine by means of levers, and
placed the barrels in the same. Plaintiff's duties re-
quired him to stand near the machine, in order to take
off the barrels and place them upon this runway.

The machine was a somewhat peculiar one, and the evidence touching its construction in some particulars is not altogether clear. It appears that it had an iron base, four inches thick, which stood upon small legs fastened to the floor, and which raised the base about one inch above the latter; that some distance above the base was a circular ring, four or five inches in width, which encircled the entire machine and was firmly fastened to the base by uprights; that within this ring there was what may be described as a movable circular platform, upon which the barrels were placed; that when the machine was operated to tighten the hoops upon a barrel one movement thereof pressed the barrel, and the platform upon which it stood, down into the circular rim above mentioned, the platform sinking down to the base of the machine; that the platform and barrel were then raised, and the barrel was ready to be lifted off; that the hoops were tightened by means of slides which caught them; and that the movement of the barrel caused them to be pressed tightly upon it.

The evidence shows that his machine turned out about 300 barrels per hour, or an average of about five per minute; that plaintiff lifted these barrels and placed them on the runway in question, which took them to another machine; but that sometimes the runway became full, and it was then necessary to place the barrels to one side until there was room for them on the runway. This happened upon the occasion in question, and the plaintiff got his foot underneath the movable platform of the machine, according to his own testimony, while he was in the act of placing a barrel to one side, because there was no room for it on the runway; that is, while he was thus handling one barrel, another one was being pressed down into the machine, and plaintiff in moving about got his foot beneath the movable platform as it was descending, and it was crushed between this platform and the base below.

The evidence is somewhat conflicting as to just how far away from the machine one would ordinarily stand in performing such duties as plaintiff was performing at the time he was injured. Plaintiff testified that he stood ordinarily about a foot from the part of the machine in which his foot was caught. It was defendant's contention, and such was its evidence, that one would stand about eighteen inches away from the machine (i. e., from the part of the machine which crushed plaintiff's foot); also that for plaintiff to get his foot in the place where it was hurt it was necessary for him to raise his foot about five inches (i. e., above the base of the machine) and insert it some eight inches in beyond the outer rim of the machine.

1. The point is made that the petition wholly fails to state a cause of action, for the reason that the statute upon which the action is based was declared unconstitutional by the Supreme Court in Williams v. Railroad, 233 Mo. 666, 136 S. W. 304. This question, however, requires no further discussion than to say that, while it was held in the Williams case that one section of the Factory Act was unconstitutional, because not embraced within the title of the act, the Supreme Court, in Simpson v. Witte Iron Works Co., 249 Mo. 376, 155 S. W. 810, has recently held the section here in question (7828) to be valid. The latter case also disposes of the contention that notice by the factory inspector is necessary to render an employer liable for injuries due to the failure to properly guard machinery in compliance with the act.

2. It is further urged by appellant that the petition does not state a cause of action; for, as appellant says, it does not allege that the machine in question was "so placed as to be dangerous to employees, . . . while engaged in their ordinary duties." It is true that the petition does not definitely so allege. The pleader sets out the statute in full and counts upon it, but fails to clearly and definitely state facts bringing

the case within the operation of the statute. Neverthe-less, taking the petition as a whole, we think its aver-ments are such as to make it good after verdict, when every reasonable inference is to be indulged in its favor. It at least impliedly, or by intendment, appears to state a cause of action under the statute, and if it does so it is not subject to attack after verdict; the de-fendant having failed to demur to it or move against it prior to joining issue on the facts.

It is to be gathered from the petition that the plaintiff, in the performance of the duties for which he was then employed, was working at or about this machine; that the defendant knew, or by the exercise of ordinary care would have known, that the machine was dangerous; and that the defendant failed to guard the machine, although it was possible to do so. These allegations may be said to bring the case substantially within the statute, at least so as not to make it subject to attack after verdict as for a total failure to state a cause of action. [See Bair v. Heibel, 103 Mo. App. 621, 77 S. W. 1017.] In this respect it is unlike the petition in Roundtree v. Cement Co., 156 Mo. App. 679, 137 S. W. 1012, relied upon by appellant; for there the peti-tion not only failed to allege that the machinery was so placed as to be dangerous to workmen while en-gaged in their ordinary duties, but did not state that it was possible to guard the machine, nor was there any averment respecting the posting of notice.

·3. It is also urged by appellant that the allega-tions of the petition are contradictory and destroy each other, leaving no cause of action, in that the pleader attempts, first, to predicate the action upon a failure to guard the machine, alleging that it was not guarded, and then attempts to bring his case within the other provisions of the statute, to the effect that if it is not possible to so guard machinery then notice of its dan-ger shall be conspicuously posted. It is insisted that plaintiff in one breath is saying that the machine could

have been guarded and was not, and in the other that it could not be guarded and that defendant is liable for a failure to post notice of its danger. This objection to the petition is not well taken. It is true that plaintiff does allege a failure to post a notice of the danger, but the petition states a cause of action for failure to guard the machine, which, it is alleged, could have been guarded, and it was upon this theory that the case was tried. The averment respecting the failure to post notice of the danger may be treated as surplusage. The case does not fall within the decision in Huss v. Bakery Co., 210 Mo. 44, 108 S. W. 63. In this connection, *vide* Roundtree v. Cement Co., supra; Millsap v. Beggs, 122 Mo. App. 1, 97 S. W. 956.

4. The statute in question, with slight modification, has been upon our statute books for more than twenty years. It has been uniformly held that its violation is negligence *per se*. [See Simpson v. Witte Iron Works, supra; Lore v. Mfg. Co., 160 Mo. 608, 61 S. W. 678; Roundtree v. Cement Co., supra; Millsap v. Beggs, 122 Mo. App. 1, 97 S. W. 956.]

The evidence shows that the machine in question could very readily have been guarded without interfering in the slightest with its operation, and that it was not guarded. If it was dangerous to those working on or about it, while engaged in their ordinary duties, which the evidence tended to establish, then a failure on the part of the defendant to guard it was negligence on its part, leaving the only possible defense that of contributory negligence on the part of plaintiff, barring his recovery.

As to the latter, we may say that a careful examination of the record shows beyond all doubt that this question was one for the jury; for while it seems that, in order for plaintiff to be injured in the manner above described, he must have raised his foot some five inches from the floor and placed it some distance (perhaps eight inches) inside of the outer edge of the rim

encircling the machine, this fact alone cannot be said to show that plaintiff was guilty of negligence as a matter of law. This lower part of the machine appears to have been entirely open, with nothing to prevent getting one's foot between the base and the movable part of the machine, except this outer ring, which was some distance above the base. In turning to place barrels to one side, which plaintiff says he was doing at the time he was injured, it is quite natural to suppose that plaintiff would have to move about; and in view of the rapidity with which the barrels came from the machine it would appear that he must have worked rapidly. Under such circumstances one could not well be declared guilty of negligence as a matter of law, if, while engrossed in his work, requiring rapid movements on his part, he chanced to get his foot where plaintiff did when injured.

The very purpose of the statute here under consideration is to prevent injuries to employees under just such circumstances as this. As was said by Woodson, J., in his dissenting opinion in Huss v. Bakery Co., 210 Mo. l. c. 44, 108 S. W. 63, and which is quoted approvingly in the majority opinion in Simpson v. Iron Works, supra: "The Legislature knew that the human mind and conduct was such that a servant, when in the performance of his duties to his master, surrounded by dangerous machinery, in motion, with his mind concentrated upon his work, oblivious to his surroundings, is liable to slip or take a misstep and fall into the revolving machinery, or thoughtlessly thrust his hand or other portion of his body into the gearing or other portion of the machinery; and if not 'safely and securely guarded' he would in consequence thereof receive injuries of a serious character."

Unless the evidence, viewed most favorably for plaintiff, with every reasonable inference in his favor, shows negligence on his part so clearly that reasonable minds may not differ with respect thereto, the question

of his negligence is one for the jury. The appellant's demurrer to the evidence was properly overruled.

5. Appellant assigns as error the giving of an instruction, at the request of plaintiff, which authorized the jury to take into consideration plaintiff's age and experience in determining whether or not he was guilty of contributory negligence. This instruction is assailed upon the ground that plaintiff, a boy nearly sixteen years of age, having had experience in working in factories, is to be regarded as *sui juris*, and, if it were proper to submit the question of plaintiff's age and experience, that the instruction is erroneous in failing to tell the jury to take into consideration plaintiff's intelligence and his capacity for understanding and appreciating the danger in question.

The plaintiff was of immature years, and his conduct is not to be judged by the standard of what an ordinarily prudent man would have done under the circumstances, but with reference to the conduct of an ordinarily prudent boy of his age. [See Campbell v. St. Louis Sub. Ry. Co., 175 Mo. l. c. 175, 75 S. W. 86; Ludwig v. Cooperage Co., 156 Mo. App. l. c. 129, 136 S. W. 749.] Taking this instruction together with one given for defendant on the issue of contributory negligence, the instructions may be said to have fairly submitted this issue.

As to the point made that plaintiff's age was not the only thing to take into consideration and that plaintiff's instruction should have gone farther than it did, we say nothing, except to note that defendant did not request an instruction supplying the alleged omission, and should not now be heard to complain thereof.

6. Another assignment of error pertains to the refusal of the court to give the following instruction, viz.: "Although the jury may believe from the evidence that the machine in question could have been guarded, yet if the defendant had no reasonable ground to anticipate injury to an employee from its operation,

while engaged in his ordinary duties, then the plaintiff cannot recover.'' .

In support of appellant's contention that this instruction should have been given we are referred to what was said by this court, through GOODE, J., in Strode v. Columbia Box Co., 124 Mo. App. 511, 101 S. W. 1099. That was a case where the plaintiff was injured by the breaking of an overhead belt. The action was brought under the statute here involved, but it was held that the statute should not be construed to create liability for failure to guard such a belt, as the latter did not come within the purview of the statute. What was there said must be considered in the light of the facts there under consideration. For example, the learned author of the opinion says: ''On the authoriy of the cases cited, we think it may be said that if an appliance of the kind specified in the particular statute is so located that danger to employees is reasonably to be anticipated, and it is left unguarded, the proprietor is responsible for an injury which would have been prevented by guarding it. On the other hand, if an appliance is so placed that no danger to employees would be expected by a prudent man, the proprietor is not liable for an accident which might have been averted by a guard.''

This language, and other of like import, was used with reference to the *location* of an appliance with respect to employees engaged in the performance of their ordinary duties; the question under consideration being whether a proprietor was required by the statute to guard a belt located overhead, and which in its usual operation was not a source of danger to employees. Without expressing an opinion as to whether the language of the opinion should be held to be altogether proper as stating reasons why the statute was not applicable to such a situation, it is sufficient to say that the facts of the case before us are such that the Strode case cannot be said to support appellant's contention

that it was error to refuse the instruction here under consideration. There is no such question here as was involved in the Strode case. The machine stood upon the floor, and the workmen were employed immediately about it. And whether the machine was so placed as to be dangerous to the plaintiff, while engaged in the ordinary duties of his employment, was submitted to the jury by an instruction given on behalf of plaintiff.

In Simpson v. Witte Iron Works, supra, it is said: "The particular section in judgment in this case imposes a positive duty on the part of the employer to do two things: (1) To provide safe and secure guards, when possible, for certain agencies of motion and power, 'when so placed as to be dangerous' to employees. (2) If that is not possible, then to post a danger signal as a warning to employees."

Upon the facts of the case before us the question was whether the machine was so placed as to be dangerous to employees, while engaged in their ordinary duties. If it was so placed as to be dangerous to employees while so engaged (which was for the jury to determine), then we take it that the defendant was bound to anticipate that injury was likely to occur by reason thereof. If this instruction would be proper in any case arising under the statute (a matter which we do not decide), we think the facts here were not such as to require it to be given in this case, and that its refusal was not error.

7. Appellant further complains of the refusal of the court to give an instruction requested by it, to the effect that if plaintiff's injuries were caused by mere accident and misadventure, without fault or negligence on the part of anyone, then plaintiff was not entitled to recover. Appellant says that this is a familiar proposition of law, and that no reason appears why the instruction should not have been given. But it does not follow that every correct abstract proposition of law, however familiar, may properly be employed in an in-

struction. It is quite evident that the theory of mere accident, without fault on the part of anyone, had no place in the case; for there was no evidence whatsoever tending to show any such state of facts. The instruction was therefore properly refused.

8. Error is also assigned, in that the trial court permitted the plaintiff to show that a witness, one Kunkel, had previously been injured on the machine in question. While ordinarily it is error to admit evidence of this character, here the evidence of Kunkel's injuries was admitted by the court for the purpose of showing that the machine in question was dangerous to those working about it in the performance of their ordinary duties, which was an issue in the case. For such purpose evidence of this character has been held admissible in an action such as this. [See McGinnis v. Printing Co., 122 Mo. App. 227, 99 S. W. 4.] We therefore rule this assignment of error against the appellant.

9. Appellant also complains because the plaintiff was permitted to ask nonexpert witnesses whether the machine in question could have been guarded without interfering with its operation. These questions were objected to by the defendant on the ground that such testimony invaded the province of the jury. In support of defendant's contention in this regard we are cited to Nash v. Dowling 93 Mo. App. 1. c. 164, where it was held error to permit a witness to testify that a certain thing was dangerous. That case, however, is not authority for the proposition here asserted by appellant. We think the testimony falls within the exception to the general rule that nonexpert witnesses must state facts, and not give their opinions (if, indeed, it should be here classed as opinion evidence), under the rulings of our courts. [See Standley v. R. R., 121 Mo. App. 1. c. 543, 97 S. W. 244; McGinnis v. Printing Co., 122 Mo. App. 1. c. 236, 99 S. W. 4, and authorities cited.] Furthermore, this question becomes nonimportant, in-

asmuch as defendant's president, an expert, readily admitted that the machine could easily have been guarded by simply placing a plank against the uprights where the lower part of the machine was exposed; and hence the ruling here complained of could not have been prejudicial.

10. Another assignment of error pertains to the efforts of plaintiff's counsel to get before the jury the fact that the machine was guarded after the accident by placing a plank along the bottom of it to prevent an employee from being caught and injured thereby. The plaintiff, upon being asked whether or not the part of the machine in question could have been guarded, stated that it could, adding that a guard was afterwards put on it. Upon motion of defendant's counsel this latter part of the answer was stricken out. Other witnesses for plaintiff in like manner volunteered like statements, the same not being responsive to questions asked them; and motions of defendant's counsel to strike out the same were sustained and such testimony stricken out. After the court had made a ruling with respect to the admission of such evidence, plaintiff's counsel endeavored to elicit further testimony to the same effect by asking witnesses whether the machine was guarded when they saw it after plaintiff was injured. Objections of defendant's counsel to such questions were sustained.

Counsel for defendant insisted that the trial court reprimand plaintiff's counsel for persisting in asking such questions and endeavoring to get this matter before the jury, excepted to the action of the court in declining to do so, and now urges that the conduct of plaintiff's counsel at the trial, and the refusal of the court to reprimand him, was so prejudicial to the rights of defendant as to require a reversal of the judgment.

That such testimony was incompetent there can be no doubt; and we need not repeat the sound reason therefor, which has been so frequently stated. No

effort should have been made to place the matter before the jury at all. It was, of course, perfectly proper to show that the machine could be guarded; but that could be shown, and was fully established, by other testimony. In our opinion, however, the defendant was not so prejudiced by what took place at the trial in this respect as to warrant a reversal of the judgment. The court sustained defendant's objections to such questions, and struck out the voluntary statements of witnesses concerning this matter, on motion of defendant's counsel; and from an examination of the record as a whole it would appear that the matters here complained of could not well be said to have been so prejudicial in its effect upon the jury as to justify us in disturbing the verdict.

11.    It is finally urged that the court erred in sustaining objections to questions asked defendant's superintendent by counsel for defendant calling for an opinion of this witness as to whether or not the machine in question as it was being operated, was dangerous to one in the position in which plaintiff was at the time of his injury, and while engaged in his ordinary duties. That this assignment of error is not well taken appears from what is said in Nash v. Dowling, supra, cited by appellant; but see Morgan v. Mfg. Co., 120 Mo. App. l. c. 608, 97 S. W. 638, *et seq.*, where the principle involved is fully discussed.

The facts in evidence were amply sufficient to warrant a recovery by plaintiff. The amount of the verdict, to-wit, $1000, is not challenged as excessive, and does not appear to be so.

We see no reversible error in the record, and the judgment of the circuit court should therefore be affirmed. It is so ordered. *Reynolds, P. J.*, and *Nortoni, J.* concur.