Tatum v. Crescent Laundry Co.

---

# ROSE TATUM, Respondent, v. CRESCENT LAUNDRY CO., Appellant.

### Springfield Court of Appeals, January 18, 1919.

1. **MASTER AND SERVANT: Unguarded Machinery: Danger to Employees.** In an action under section 7828, Revised Statutes 1909, where the alleged dangerous machinery was exhibited to the jury and plaintiff demonstrated in the jury's presence where she stood when her dress was caught by a revolving shaft and she testified that the place where she stood was her usual place of work, it cannot be said as a matter of law that the shaft was not so placed as to be dangerous to employees engaged in their ordinary duties.

2. ———: **Duty of Master: Guarding Machinery.** Revised Statutes 1909, section 7828, requiring belting, shafting, etc., to be guarded when dangerous to employees, is designed not only to protect workman in doing the main task assigned but also in doing those things naturally connected with or incidental to the regular task.

201 M. A.—7

3. ———: Guarding Machinery: Plaintiff's Negligence not Proximate Cause. That plaintiff was negligent in the manner of shifting a belt is not material where such shifting of the belt was not the proximate cause of her injury.

4. ———: Constributory Negligence: Proximate Cause. Where plaintiff, an employee in a laundry, was hurt when caught in an unguarded revolving power shaft in attempting to start a machine by shifting the belt, but she was not caught by the belt, *held* it was no defense that she shifted the belt with a stick instead of using the lever.

5. ———: Injuries to Servant: Unguarded Shafting. In an action by an employee in a laundry who was caught by an unguarded revolving power shaft, evidence *held* to show that the shaft could have been guarded as required by Revised Statutes 1909, section 7828.

6. ———: ———: Evidence: Subsequent Repairs. In an action based on Revised Statutes 1909, section 7828, by an employee in a laundry caught by an unguarded revolving power shaft, evidence that the shaft was covered soon after the accident is admissible to show that the shaft could have been guarded, despite the rule against proof of repair after the accident in order to show negligence.

7. ———: Contributory Negligence: Guarding of Machinery. Revised Statutes 1909, section 7828, requiring the guarding of machinery, recognizes the fact that reasonably careful workmen may become absorbed in their work and become unmindful of the ever-present dangers from revolving shafts and moving machinery, and the court should proceed on that theory in determining whether an employee injured by an unguarded shaft was guilty of contributory negligence.

8. ———: ———: Injuries to Servants. In an action based on Revised Statutes 1909, section 7828, by a laundry employee caught by an unguarded revolving power shaft, evidence held insufficient to establish her contributory negligence.

9. ———: Guarding of Machinery: "Mechanical or Manufacturing Establishments." Revised Statutes 1909, section 7828, declaring that the belting, etc., in all "manufacturing, mechanical and other establishments" shall be guarded, applies to a laundry.

10. NEW TRIAL: Granting New Trial: Discretion. The granting of a new trial on account of newly discovered evidence rests largely in the discretion of the trial court.

11. DAMAGES: Loss of Arm. An award of $7500 in favor of a young, robust woman, dependent on manual labor for her support, for the loss of an arm, is not excessive, where physical pain and mental anguish are considered.

Appeal from Pemiscot County Circuit court.—*Hon. Sterling H. McCarty,* Judge.

REVERSED.

*Mozley & Evans* for appellant.

*Duncan & Corbett* for respondent.

STURGIS, P. J.—Judgment for plaintiff for person al injuries and defendant appeals. The action is based on section 7828, Revised Statutes 1909, and alleges that plaintiff was injured by working in defendant's laundry at Webb City, Mo., by reason of her clothing being caught by a revolving power shaft; that such shaft was dangerous to workmen, including plaintiff, employed therein, while engaged in their ordinary duties and could and should have been, but was not guarded. The answer was a general denial and a plea of contributory negligence.

There is no question as to plaintiff being injured by reason of her dress skirt being caught in the revolving line shaft which furnished power by means of belts and pulleys to all the machinery in defendant's laundry. This line shaft was near the floor and plaintiff was thrown down and her arm crushed and broken, necessitating an amputation just below the elbow. At the time of her injury plaintiff was just starting to work at a starching machine connected by a belt and pulley with the power shaft. Plaintiff had worked at this laundry previously for sometime and was somewhat familiar with the surroundings of and method of operating the machine. It took two persons to operate the machine, working at opposite ends—the one to feed the collars, etc., to be starched in the machine and the other, plaintiff, to take care of same as they came through. According to plaintiff's evidence she was standing at the north end of the machine at the usual place of her work and was in the act of starting the starching machine by push-

ing the belt from the idler to the operating pulley when the injury occurred.

The defendant's chief contention is that the court should have sustained a demurrer to the evidence. The defendant does not criticise the instructions given for plaintiff and all the instructions asked by defendant were given, but defendant says that there is no evidence to sustain the essential facts necessary to make plaintiff's case.

One of the essential facts which plaintiff must show is that the shafting was so placed as to be *dangerous* to the employees while engaged in ordinary duties. We think the evidence taken most favorably to plaintiff, as we must do, warrants a finding of this dangerous condition. The starching machine in question was located near the east wall of the building. The long way of the machine was north and south paralled with this wall. The power shaft also paralled this wall between it and the starching machine and was about ten inches from the floor and about the same distance from the wall. There is some conflict and the record is not clear just how close the line shaft came to this machine, but plaintiff's evidence is positive that when her dress caught in the shafting she was standing at the north end of the machine at the usual place of her work. "I was going to work right where I was at." The defendant chose to try the case by bringing the starching machine in question into the court room and there setting it up along the east wall, shafting, belt and all in substantially the same position, distances and conditions as it stood in the laundry. The plaintiff in the presence of the jury stood by this machine where she said she was standing when her dress caught in the revolving shaft and the injury occurred. She denied that she went on the east side of the machine, as defendant claimed, and thereby came in contact with the shaft. By this method of trial, the jury itself saw the location and proximity of the revolving shaft to plaintiff's place of work, the methods of of operating the machinery and the surrounding condi-

tions. These matters are not fully reproduced here and facts which the jury knew by observation are not all in this record. If the plaintiff was, as the jury found, at the usual place of her work when her clothing was caught by the revolving shaft, that fact with the close proximity of the revolving shaft and other facts open to the jury's observation, may well have warranted a finding that the shaft was so placed as to be dangerous to persons working at the north end of the machine. It is said in Morgan v. Hinge Manufacturing Co., 120 Mo. App. 590, 606, 97 S. W. 638:

"It is apparent that if the vertical belt and the shaft rotating near the floor, were exposed to contact with the limbs or clothing of employees, they were dangerous; or, at least, that a jury might well infer as much."

The jury was in a better position to judge of this matter than that mentioned in Huss v. Heydt Bakery Co., 210 Mo. 44, 50, 108 S. W. 63, where it is said:

"The machine and its surroundings were described to the jury and a photograph of the machine and its surroundings was in evidence. With this in the record, it cannot be said that there was no evidence upon which to predicate the instruction." [Lore v. American Manufacturing Co., 160 Mo. 608, 61 S. W. 678.]

Nor can we say as a matter of law that this shafting was not dangerous to those *engaged in their ordinary duties,* but became dangerous to plaintiff only because she was attempting to shift the belt from the idler pulley to the operating pulley in order to start the machinery. Defendant's evidence is that this shifting of the belt was the proper work of a man at work in the laundry whom plaintiff should have called to do this, but plaintiff denies that any such instruction was given her and says that the girls that work there were accustomed to start the machinery by themselves shifting the belt, and that another woman had showed her how to do it with this particular machine. Plaintiff's forelady was present and observed plaintiff's doing this and made no objection. The statute in question was designed not only to protect workmen while actually

performing the main task assigned, but also while doing those things naturally connected with and incidental to such task. [Martin v. Richmond Cotton Oil Co., 194 Mo. App. 106, 120, 184 S. W. 127; Hughes v. Marshall Contracting and Manufacturing Co., 188 Mo. App. 549, 556, 176 S. W. 534.]

Plaintiff testified and the jury found that plaintiff did not leave her usual and proper place of work and go to the east side of the machine into the place of danger in order to shift this belt. Moreover the shifting of the belt in no way caused her injury. That was not the proximate cause of her injury but merely furnished the condition. Had plaintiff been standing there eating her lunch, taking a drink of water or engaged in any diversion, not itself contributing to her injury, and had been injured by reason of the nearby, unguarded, revolving shaft, it could hardly be contended that she was not within the protection of the statute.

We may here also dispose of the contention that plaintiff used an improper and unsafe method of shifting the belting in that she did so with a stick instead of using a lever provided for that purpose at the other end of the machine. It was shown that this lever would not work because of an iron rod or pipe so placed as to prevent its use, but we again say that this injury did not result from any improper or unsafe method of shifting the belt. Had plaintiff been caught by the belt flying off, or by her coming in contact therewith or with the machinery operated by the belt, then she might be held to have brought about or contributed to her own injury.

The evidence, we think, abundantly shows that the power shaft at the place of the accident could have been safely guarded as the statute requires. This fact was also demonstrated to the jury by its seeing the whole machine and its surroundings; but aside from that the plaintiff's evidence is that there were no other pulleys or belts that connected with this shaft at or near this place. It was also shown that until some two or three months previous to this accident this shaft

had been boxed in with suitable openings at the belts effectually safeguarding it but when putting in a new floor defendant had failed to again box in or cover this shaft. If it could be and was guarded at one time and no change had taken place, as the evidence indicates, the jury rightfully concluded that it could be guarded. The plaintiff also proved that after the accident defendant covered and thereby guarded this same shaft at this point; but this evidence was excluded under the rule that a plaintiff cannot prove that the defendant corrected an alleged negligent defect after the accident, in order to raise an inference that its previous condition was negligent. [Miniea v. Cooperage Co., 175 Mo. App. 91, 109, 157 S. W. 1006.]

This, however, was not the purpose of this evidence and when the issue is raised as to whether a certain thing could have been done, it is competent to show that it has been done under the same or similar conditions either before or after the particular date. When evidence is competent on one issue or for one purpose and objectionable on the other, it should be admitted and its scope and purpose limited at the time or by the instructions or both. [Phillips v. Shoe Co., 178 Mo. App. 196, 211, 165 S. W. 1183.]

Of course the court should see to it that the issue on which the evidence is ligitimate is bona fide and not a mere cover for introducing prejudicial evidence, Miniea v. Cooperage Co., 175 Mo. App. 91, 109, 57 S. W. 1006, supra, and the court should strictly, when asked to do so, limit such evidence to its legitimate purpose. Here the court went further than it should by excluding the evidence altogether.

As further showing that the shaft could be covered or guarded at the place of the accident, it appears that defendant actually did so in setting up this machine in the court room, for plaintiff testified that "there would have been no danger if the box was where it is now. If this box was where it is now, I wouldn't have been caught in doing my work. If the boxing had been where it is here and I was standing at the north end

of the machine, my dress wouldn't have caught in that line shaft.'' This shows both that it could be guarded and was dangerous without being guarded.

Plaintiff's evidence is positive that at the time of the accident the shafting adjacent to the place where she was accustomed to be when at work and where she said she was when injured was not then guarded or boxed in. What we have said about the boxing having been there previously and removed in laying a new floor and not replaced until after the accident, makes it unnecessary to discuss further whether there was any evidence on this point. There was evidence that the shaft was was some three feet north of where she stood at the end of the starching machine when injured.

Defendant further contends that plaintiff was guilty of contributory negligence barring her recovery in that she went to the north end of the machine and shifted the belt with a stick instead of shifting it at the south end with the lever. The shifting of the belt, however, was entirely successful and no mishap came from the manner of doing it. If plaintiff was, as she says, at the place of her usual work, then her danger from the exposed revolving shaft was only such as inhered in being and working at that place. Her going to this place before and being there while shifting the belt merely furnished the occasion or condition of her injury but was not its cause. The unguarded shaft was the proximate cause and that determines liability. Besides, as we have said plaintiff's evidence is that the lever could not be used and that this was the customary method of shifting the belt. The jury on proper instruction found that plaintiff was not guilty of contributory negligence, but acted as a reasonably careful person would have acted under the same or similar circumstances. We cannot say as a matter of law that plaintiff was guilty of contributory negligence even if convinced from all the evidence that plaintiff was absorbed in her work and to a degree inattentive and unmindful of the constant danger from the unguarded shaft. While our statute requiring the guarding of

certain machinery does not abolish contributory negligence, it recognizes the fact that reasonably careful workmen do become absorbed in their work and becomes unmindful of the ever present dangers from revolving shafts and belts and whirring machinery and this statute seeks to obviate just such dangers. Unless the courts proceed on this theory the statute counts for nothing. [Simpson v. Iron Works Co., 249 Mo. 376, 389, 155 S. W. 810; Brashears v. Iron Works Co., 171 Mo. App. 507, 517, 157 S. W. 360; Hughes v. Construction & Manufacturing Co., 188 Mo. App. 549, 556, 176 S. W. 534.]

Defendant raises the rather .novel point that a laundry is not a "manufacturing, mechanical or other establishment" within the purview of section 7828, Revised Statutes 1909, requiring the guarding of shafting, etc., when so placed therein as to be dangerous to employees. The statute reads:

"The belting, shafting, machines, machinery, gearing and drums, in all manufacturing, mechanical and other establishments in this State, when so placed as to be dangerous to persons employed therein or thereabout while engaged in their ordinary duties, shall be safely and securely guarded when possible; if not possible, then notice of its danger shall be conspicuously posted in such establishments. [R. S. 1899, sec. 6433, amended, Laws 1909, p. 502.]

The argument is that a laundry is not a manufacturing establishment because nothing is manufactured there; that the word "mechanical" means no more and is no broader than manufacturing; that the clause "and other establishments" on the doctrine *ejusdem generis* includes only the same class as the preceding, that is manufacturing. The conclusion is that the Legislature, though trying and intending to make the statute broad and comprehensive, did not succeed in enlarging or adding anything to the first word "manufacturing." That such is not the general understanding of the bench and bar of the State is conceded, for our courts have without question, applied this statute

to laundries (Dunnivent v. Finn, 189 Mo. App. 411, 176 S. W. 1009) and to almost all classes of establishments where machinery is used—a pumping station in Henderson v. Kansas City, 177 Mo. 477, 493, 76 S. W. 1045; a bakery in Huss v. Bakery Company, 210 Mo. 44, 76, 108 S. W. 63; and a printing establishment in McGinnis v. Printing Co., 122 Mo. App. 227, 238, 99 S. W. 4. If the words are to be taken in their usual and generally accepted meaning, we are quite sure that laundries are included in mechanical if not manufacturing establishments. Moreover, the subject-matter of the statute is not manufacturing and mechanical plants but the machinery to be guarded and the words ''in all manufacturing, mechanical and other establishments'' are used somewhat incidentally in describing the things to be guarded. Mechanical is a term of very broad meaning and is defined by the Century Dictionary as ''pertaining to mechanics or machinery,'' and a mechanic is one engaged in operating a machine or machinery. A mechanical establishment is broad enough, we think, to cover almost any plant or place where machinery is set up and operated and we hold that it includes laundries.

We have examined the point that a new trial should have been granted on account of newly discovered evidence. This is a matter resting largely on the sound discretion of the trial court and we find no sufficient reasons to interfere. The newly discovered evidence is largely contradictory and impeaching and is not on a point vital to the case. It is also on a matter which defendant first brought out on cross examination of the plaintiff as a witness.

Nor can we hold that the verdict for $7500 is excessive for the loss of an arm where the physical pain and mental anguish are greater to a young, robust woman dependent on manual labor for her support. [Dougherty v. Railroad Co., 97 Mo. 647, 667, 8 S. W. 900, 11 S. W. 251; Henderson v. Kansas City, 177 Mo. 477, 496, 76 S. W. 1045; Hosheit v. Lusk, 190 Mo. App. 431, 446, 177 S. W. 712.]

Concluding as we do that the case was well tried the judgment is affirmed.

*Bradley* and *Farrington, JJ.,* concur.